[No. 15488.     Department One.—October 2, 1894.]

## SANTA CRUZ FAIR BUILDING ASSOCIATION, APPELLANT, *v.* JOHN GRANT, RESPONDENT.

INJUNCTION — INVALID ASSESSMENT FOR STREET EXTENSION — APPEAL. — An application for a preliminary injunction, in an action by the owner of land to enjoin its threatened sale in satisfaction of an alleged invalid assessment levied thereon under proceedings had under the act of March 6, 1889, for the extension of a street, is addressed to the discretion of the trial court, and its refusal of the injunction will not be reviewed on appeal unless it clearly appears that there has been an abuse of its discretion.

ID.—PRELIMINARY INJUNCTION—DISCRETION—RELATIVE INJURY TO PARTIES.—Upon such application the court should consider whether a greater injury will result to the defendant from granting the injunction than to the plaintiff in refusing it; and if it is satisfied that a greater injury will so result to the defendant, and that the rights of the plaintiff will be fully conserved by granting an injunction after a hearing upon the merits, a wise discretion would dictate a refusal of the preliminary injunction.

APPEAL from an order of the Superior Court of Santa Cruz County refusing a preliminary injunction.

The facts are stated in the opinion of the court.

*Charles B. Younger*, for Appellant.

The sale ought to have been restrained. (*Lubbock* v. *McMann*, 82 Cal. 226; 16 Am. St. Rep. 108; *Roth* v. *Insley*, 86 Cal. 134; *Farley* v. *Hopkins*, 79 Cal. 203; *Cohen* v. *Knox*, 90 Cal. 266.)

*Z. N. Goldsby*, for Respondent.

The alleged threatened sale is not sufficient to authorize a temporary injunction. (*City of Logansport* v. *Uhl*,

99 Ind. 531; 50 Am. Rep. 109; *Payne* v. *English,* 79 Cal. 540; *Bigelow* v. *City of Los Angeles,* 85 Cal. 614.) Injunctions to restrain construction of public works, where damages to private property only is claimed by reason of such construction, will not be granted except in extreme cases, if at all. (*Omaha Horse Ry. Co.* v. *Cable etc. Co.,* 32 Fed. Rep. 727; *Payne* v. *English,* 79 Cal. 540; *Osborne* v. *Missouri Pac. Ry. Co.,* 37 Fed. Rep. 830; Civ. Code, sec. 3423; *Gardner* v. *Stroever,* 81 Cal. 148; *Reardon* v. *San Francisco,* 66 Cal. 492; 56 Am. Rep. 109.) The granting or refusing to grant a preliminary injunction is within the discretion of the court. (*Middleton* v. *Franklin,* 3 Cal. 238; *Patterson* v. *Supervisors,* 50 Cal. 345; *White* v. *Nunan,* 60 Cal. 406.)

HARRISON, J.—Under proceedings for the extension of Front street in the city of Santa Cruz, by virtue of the provisions of the act of March 6, 1889 (Stats. 1889, p. 70), the assessment had been confirmed by the city council and placed in the hands of the superintendent of streets, and the defendant, who was such superintendent, was proceeding to collect it under the provisions of the act. The plaintiff, claiming to be the owner in fee of certain lands that had been assessed for the proposed improvement, commenced this action to obtain a judgment that the assessment was made without authority or jurisdiction on the part of the city, and that no lien upon its land was created thereby; and also that the defendant be enjoined from selling said lands to satisfy said assessment. In the complaint the plaintiff alleged, as the basis of its cause of action, that the city council had never passed any resolution describing the land deemed necessary to be taken for the extension of Front street, or specifying the exterior boundaries of the district to be affected by said improvement, and after alleging the various steps taken under the above statute, further alleged that the defendant had advertised its lands described in the complaint for sale at public

auction, and was threatening to sell the same for the purpose of satisfying said assessment. Prior to the issuance of the summons, the plaintiff moved the court upon the complaint that a preliminary injunction be granted at the time of the issuance of the summons, restraining the defendant during the pendency of the action from selling the land as described in the complaint. The court denied the application, and from this order the plaintiff has appealed.

The granting of a preliminary injunction is not a matter of right, but the application is addressed to the sound discretion of the court, which is to be exercised according to the circumstances of the particular case (High on Injunctions, sec. 11); and its action upon such application will not be reviewed in the appellate court unless it shall clearly appear that there was an abuse of its discretion. Upon such application a court will consider whether a greater injury will result to the defendant from granting the injunction than to the plaintiff from refusing it; and if the court is satisfied, from the nature of the action and the threatened injury, that the rights of the plaintiff will be fully conserved by granting an injunction after a hearing upon the merits, while, in case the plaintiff should fail to sustain his complaint, the injury sustained by the defendant from the preliminary injunction could not be compensated, a wise discretion would dictate its refusal. (*Olmstead* v. *Koester*, 14 Kan. 467). And in granting an injunction the court is bound to consider the amount of injury which may be thereby inflicted on strangers to the suit and third parties. (1 Joyce on Injunctions, 497.) Chancellor Walworth said in *New York Printing and Dyeing Establishment* v. *Fitch*, 1 Paige, 98: "There are many cases in which the complainant may be entitled to a perpetual injunction on the hearing, where it would be manifestly improper to grant an injunction *in limine.* The final injunction is in many cases matter of strict right, and granted as a necessary consequence of the

decree made in the case.   On the contrary, the prelimi-
nary injunction before answer is a matter resting alto-
gether in the discretion of the court, and ought not to
be granted unless the injury is pressing and the delay
dangerous."   (See, also, *Mayor etc. of Rochester* v. *Cur-
tiss,* Clarke Ch. 340.)   "An injunction *in limine* is not
a matter of strict right.   It may sometimes be properly
refused upon the same facts which would entitle the party
of right to an injunction on final hearing."   (*Akin* v.
*Davis,* 14 Kan. 143.)   A party seeking to enjoin a pub-
lic officer from the performance of an official duty should
show by distinct averments that the threatened acts of
the officer will interfere with his rights to such an
extent as to cause him some irreparable injury.

In the present case, if the city council had no juris-
diction to authorize the extension of Front street, the
assessment would create no lien upon the lands of the
plaintiff, and a purchaser at the sale would acquire no
title.   These facts would be determined by the final
decree in the action, and the rights of the plaintiff could
be thereby fully protected.   On the other hand, if the
plaintiff should fail to sustain the allegations of the
complaint, the delay in the improvement that would be
caused by a preliminary injunction might work damage
to the public and injuriously affect others than the de-
fendant.   Moreover, although it is alleged in the com-
plaint that the defendant has advertised the lands of
the plaintiff for sale at public auction, it does not
appear at what time the sale was to be made, and one of
the grounds upon which the court denied the application
was that it had "on the previous day tried and deter-
mined a case under the same assessment, and involv-
ing the same points."   The court may have concluded
that the present action could be tried and determined
before the day of sale; and it may also have been so well
informed of the nature of the defense to the action, as
to justify it in denying the application for a preliminary
injunction.   (*Stoddard* v. *Vanlaningham,* 14 Kan. 18.)

As the appellant has failed to show that the court in any respect abused its discretion, the order is affirmed.

VAN FLEET, J., and GAROUTTE, J., concurred.