[Civ. No. 24530. Second Dist., Div. Two. Aug. 17, 1960.]

DONALD FROOMER et al., Respondents, v. ELLA L. DROLLINGER et al., Appellants.

Musick, Peeler & Garrett and Bruce E. Clark for Appellants.

Irmas & Rutter and Richard Karpf for Respondents.

RICHARDS, J. pro tem.*—Appeal from an order granting a preliminary injunction.[1]

In April, 1958, plaintiffs, as lessees, entered into a fifteen-year written lease with defendants' predecessors in interest, as lessors, of certain premises upon which plaintiffs operate a retail shoe store. Shortly after the execution of the lease, with the consent of the original lessors, plaintiffs procured a large electric advertising sign and caused it to be attached to the rear wall of the building occupied by them. Thereafter, defendants acquired the property, subject to plaintiffs' lease, and also acquired adjacent property upon which they proposed to erect a building in such a manner that it would require the relocation of plaintiffs' sign. Plaintiffs refused to consent to such relocation and defendants threatened to move the sign without plaintiffs' consent. Plaintiffs thereupon filed an action to enjoin defendants from moving the sign and pursuant to application, the court granted a preliminary injunction enjoining the moving of the sign pending a trial on the merits.

While the defendants' right to appeal from an order granting a preliminary injunction prior to final judgment on the merits is unquestioned (Code Civ. Proc., § 963, subd. 2), the scope of an appellate court's inquiry is only to determine whether or not the trial court has abused its discretion. (*Harbor Chevrolet Corp.* v. *Machinists Local Union 1484,* 173 Cal.App.2d 380, 384 [343 P.2d 640].) " 'It is a rule so universally followed and so often stated as to need only to be referred to that the granting, denial, dissolving or refusing to dissolve a permanent or preliminary injunction rests in the sound discretion of the trial court upon a

---

[1]The record on appeal consists of a clerk's transcript only. The notice of appeal therein states that defendants' appeal "from the order granting a preliminary injunction made October 23, 1959," but such order is not in the clerk's transcript. Inclusion in the record on appeal of the order from which the appeal is taken is essential and a failure to so include it is ground for motion to dismiss the appeal. (*Supple* v. *Luckenbach,* 45 Cal.App.2d 734 [114 P.2d 734].) However, the briefs of both parties assume that such order was made and under rule 12, Rules on Appeal, we have examined the superior court file and find it was made, and we will therefore assume it is part of the record before us.

*Assigned by Chairman of Judicial Council.

consideration of all the particular circumstances of each individual case.' [Citation.] Such an order will not be modified or dissolved on appeal except for an abuse of discretion." (*Union Interchange, Inc.* v. *Savage,* 52 Cal.2d 601, 606 [342 P.2d 249].)

In the present appeal, the parties have not focused upon any abuse of discretion by the trial court, but have instead filed briefs arguing the merits of the controversy. ▮ This court cannot, at the present state of the litigation, resolve the ultimate legal issues between the parties since "[t]he granting or denial of a preliminary injunction does not amount to an adjudication of the ultimate rights in controversy. It merely determines that the court, balancing the respective equities of the parties, concludes that, pending a trial on the merits, the defendant should or that he should not be restrained from exercising the rights claimed by him. When the cause is finally tried, it may be found that the facts require a decision against the party prevailing on the preliminary application." (*Miller & Lux* v. *Madera Canal etc. Co.,* 155 Cal. 59, 62-63 [99 P. 502, 22 L.R.A. N.S. 391].)

▮ Although it is clear that under the lease in question, the lessors reserved the exclusive right to the exterior walls of the building occupied by the plaintiffs, and upon which the sign is placed, yet it is conceded by the defendants that the sign was thereafter placed on the exterior wall with the consent of the lessors. It is apparent from the memorandum of points and authorities filed by the defendants in opposition to the granting of a preliminary injunction, and from the briefs of both parties in this appeal, that the fundamental issue to be determined is whether the license created by the lessors' consent to attach the sign to the exterior wall was revocable or became irrevocable by reason of the plaintiffs incurring a detriment or expense in reliance thereon. (See *Cooke* v. *Ramponi,* 38 Cal.2d 282 [239 P.2d 638]; *Broads* v. *Mead & Cook,* 159 Cal. 765 [116 P. 46, Ann.Cas. 1912C 1125]; *Stoner* v. *Zucker,* 148 Cal. 516 [83 P. 808, 113 Am.St.Rep. 301, 7 Ann.Cas. 704]; *Bryant* v. *Marstelle,* 76 Cal.App.2d 740 [173 P.2d 846].) Obviously, this issue can only be resolved by a trial on the merits.

▮ The preliminary injunction does nothing more than to preserve the *status quo* until the merits of plaintiffs' claim can be adjudicated. (*Harbor Chevrolet Corp.* v. *Machinists Local Union 1484, supra,* 173 Cal.App.2d 380, 384.)

Patently, in balancing the respective equities of the parties,

the trial court concluded that pending a trial on the merits, the defendants should be restrained from moving the sign, otherwise a judgment in favor of plaintiffs, if they are successful in this action, would be rendered ineffectual.

Order affirmed.

Fox, P. J., and Ashburn, J., concurred.