DEVINE, J.
Plaintiff (the singular is used, all plaintiffs being substantially the same) appeals from an order denying a preliminary injunction and dissolving a restraining order against defendant. Plaintiff operates a business of selling Chevrolet automobiles in Concord, Contra Costa County. On April 29, 1961, defendant attached a sign to the back of a 1960 Chevrolet which he had bought from plaintiff, which displayed this uncomplimentary notice: “Another Stinking Chevy. Its a Dog. Service is No Good. Bought from Fitzpatrick Chevrolet. 5 sets of spark plugs in 7500 miles and the front end ‘ shakes, rattles and rolls. ’ ” The agreed statement of facts informs us merely that defendant on one occasion parked in front of plaintiff’s place of business with the sign attached, and on “numerous occasions” drove in the vicinity of the place of business. This is all that we have before us, because appellant has proceeded upon the agreed statement as the whole record on appeal under rule 6(a) of the California Rules of Court.*
Appellant would have us determine the law relating to display of defamatory matter in the manner used by defendant, and his entire brief goes to what may be, at some later time, the merits of the ease. This is not the time for adjudicating the ultimate rights in controversy. The superior court has decided simply that, balancing the equities of the parties, pending the trial, the court would not enjoin defendant. Nothing more was decided. (Froomer v. Drollinger, 183 Cal.App.2d 787, 789 [7 Cal.Rptr. 268].)
Only if it were made to appear that there had been a clear abuse of discretion in the denial of the injunction *242 could there be a reversal. (O’Shea v. Tile Layers Union, 155 Cal.App.2d 373, 377 [318 P.2d 102].) This we do not find in the slender record presented to us. We cannot find from the agreed statement, which does not include the pleadings, whether it is alleged, by verified complaint or affidavit, that the declarations on the sign are untrue in whole or in part. We cannot tell whether the defendant threatened to continue his unique protestation. We are not given any material whatever on the subject of probable damages, and although it may be that actual or threatened loss of business would be difficult to trace to defendant’s acts, nevertheless, in the absence of anything at all on that subject, we cannot hold that damages of degree so substantial as to require a preliminary injunction were impending. A product so well known as Chevrolet, and a dealer selling Chevrolets, may or may not be damaged by acts like defendant’s.
The court may well have considered that an early trial on all of the merits of the main controversy could be had, and that preliminary injunction was unnecessary.
We cannot hold, as a matter of law, that the court must have issued the preliminary injunction, and that it was an abuse of discretion to deny it.
The order denying the preliminary injunction and dissolving the restraining order is affirmed.
Draper, P. J., and Salsman, J., concurred.

 FormerIy Buies on Appeal, rule 6(a).