[Civ. Nos. 45943, 46314. Second Dist., Div. Four. Dec. 19, 1975.]

SOCIALIST WORKERS 1974 CALIFORNIA CAMPAIGN
COMMITTEE et al., Plaintiffs, Cross-defendants and Appellants, v.
EDMUND G. BROWN, JR., as Secretary of State, et al.,
Defendants, Cross-complainants and Respondents;
COMMON CAUSE et al., Interveners and Appellants.

[Civ. No. 46258. Second Dist., Div. Four. Dec. 19, 1975.]

CENTRAL-EAST LOS ANGELES SOCIALIST
WORKERS CAMPAIGN COMMITTEE et al.,
Plaintiffs and Appellants, v.
BURT PINES, as City Attorney, etc., Defendant and Respondent;
FAIR POLITICAL PRACTICES COMMISSION,
Intervener and Respondent.

882

**Counsel**

Mark D. Rosenbaum, Fred Okrand, Jill Jakes, Daniel C. Lavery, Mary Ellen Gale and William H. Steiner for Plaintiffs, Cross-defendants and Appellants and for Plaintiffs and Appellants.

Kenneth J. Guido, Jr., for Interveners and Appellants.

Evelle J. Younger, Attorney General, Iver E. Skjeie, Assistant Attorney General, John A. Gordnier and Floyd D. Shimomura, Deputy Attorneys General, for Defendants, Cross-complainants and Respondents.

Burt Pines, City Attorney, Lawrence Hoffman and Claude Hilker, Assistant City Attorneys, and Anthony S. Alperin, Deputy City Attorney, for Defendant and Respondent.

John K. Van de Kamp, District Attorney, Harry B. Sondheim and Eugene D. Tavris, Deputy District Attorneys, as Amici Curiae on behalf of Defendant and Respondent.

Jerome B. Falk, Jr., Howard, Prim, Rice, Nemerovski, Canady & Pollack, Robert M. Stern, Kenneth Finney, Nancy Salzman, Natalie E. West, Michele D. Washington, Daniel H. Lowenstein and Michael J. Baker for Intervener and Respondent.

## OPINION

**DUNN, J.**—We have before us consolidated appeals (Nos. 45943, 46258 and 46314) from four orders of the trial court made in two superior court actions to enjoin enforcement against the plaintiffs of certain provisions of the Waxman-Dymally Campaign Disclosure Act (Elec. Code, § 11500 et seq.) and the Political Reform Act of 1974 (Gov. Code, § 81000 et seq.).

### The First Action (No. C 101761)

On October 3, 1974, in the Superior Court for Los Angeles County, the Socialist Workers 1974 California Campaign Committee and others[1] commenced an action for injunctive and declaratory relief against Edmund G. Brown, Jr., Secretary of State, and Evelle J. Younger, Attorney General. Plaintiffs' verified complaint alleged: Elections Code,

---

[1] The other plaintiffs were: Berkeley-Oakland Socialist Workers Campaign 1974, East Los Angeles Socialist Workers 1974 Campaign Committee, West Los Angeles Socialist Workers 1974 Campaign Committee, San Diego Socialist Workers 1974 Campaign Committee, San Francisco Socialist Workers 1974 Campaign Committee, Olga Rodriguez and Jane Doe.

The complaint alleged: plaintiff committees were organized to support candidates nominated by the Socialist Workers Party for election to federal and state offices throughout California; the committees receive contributions and make expenditures on behalf of such candidates; plaintiff Rodriguez is the candidate of the Socialist Workers Party for Governor of California in the statewide election to be held November 5, 1974; plaintiff Jane Doe is a resident of California who wishes to contribute more than $100 to plaintiff Socialist Workers 1974 California Campaign Committee; she declines to do so because her contribution may not be made anonymously.

sections 11518, subdivisions (e) and (f), 11562, 11563, 11564 and 11580[2] together require public disclosure of the names, residence addresses and business addresses of all individuals who make contributions of $100 or more to campaign committees or candidates, and all individuals to whom expenditures of $100 or more are made by campaign committees and candidates, and prohibit anonymous contributions of $100 or more; said statutes deprive plaintiffs and their contributors, supporters and adherents of their rights of associational privacy and anonymity guaranteed by the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution and article I, §§ 1, 9, 10, 13 and 23, of the

[2]These sections of the Elections Code read as follows:

11518: " 'Campaign statement' means an itemized report signed under penalty of perjury which is prepared on a form prescribed by the Secretary of State, and which provides the following information: . . . [¶] (e) The full name and city, state, occupation, and the name of his or her employer, if any, or the principal place of business if he or she is self-employed, of each person from whom a contribution or contributions totaling one hundred dollars ($100) or more has been received, together with the amount contributed by each such person and the cumulative amount contributed by each such person . . . [¶] (f) The full name and city, state, of each person to whom an expenditure or expenditures totaling one hundred dollars ($100) or more has been made, together with the amount of each separate expenditure to each such person during the period covered by the campaign statement and the cumulative amount paid to each such person; a brief description of the purpose for which the expenditure was made; the full name and city and state of the person providing the consideration for which any expenditure was made if different from the payee . . . ."

11562: "Any person who makes a contribution on behalf of another, or while acting as the intermediary or agent of another, shall disclose to the recipient of such contribution both his or her own full name and city, state, occupation, and the name of his or her employer, if any, or the principal place of business if he or she is self-employed, and the full name and city, state, occupation, and the name of his or her employer, if any, or the principal place of business if he or she is self-employed, of such other person. The recipient of such a contribution shall include in his or her campaign statement the full name and city, state, occupation, and the name of his or her employer, if any, or the principal place of business if he or she is self-employed, of both the intermediary and contributor."

11563: "No person shall make an anonymous contribution or contributions to a candidate, committee, or any other person in a calendar year totaling one hundred dollars ($100) or more. An anonymous contribution of one hundred dollars ($100) or more shall not be used by the intended recipient but shall be promptly paid to the State Treasurer to be deposited in the General Fund of the state."

11564: "Any expenditure, other than overhead or normal operating expenses, made by an agent or independent contractor, including but not limited to an advertising agency, on behalf of or for the benefit of any candidate or committee, shall be reported by the candidate or committee as if the expenditure were made directly by the candidate or committee, unless the agent or independent contractor files a campaign statement reporting the expenditure. The agent or independent contractor shall disclose to the candidate or committee all information required to be reported by this section."

11580: "Campaign statements are to be open for public inspection and reproduction, commencing as soon as practicable, but not later than the second business day following the day on which they were received, during regular business hours and from 9 a.m. to 5 p.m. on the Saturday and Sunday preceding a statewide election."

California Constitution. Plaintiffs sought preliminary injunctions enjoining defendants[3] from enforcing against plaintiffs the challenged sections of the Elections Code. Plaintiffs also sought a judgment declaring that such sections are unconstitutional on their faces and as applied to plaintiffs.

On October 24, 1974, following a hearing on order to show cause, the trial court (Judge Lucas) denied plaintiffs' application for a preliminary injunction. On October 29, 1974, plaintiffs filed a notice of appeal (Civ. No. 45943) from the order denying a preliminary injunction.[4]

On October 30, 1974, each of the defendants filed a cross-complaint against plaintiff campaign committees seeking preliminary and permanent injunctions ordering cross-defendants to comply with the challenged sections of the Elections Code. On December 6, 1974, a hearing was held pursuant to an order to show cause why a preliminary injunction should not issue. On December 10th, the trial court (Judge Lucas) issued a preliminary injunction which ordered that cross-defendants, during the pendency of the action, file campaign statements regarding the November 1974 election in full compliance with the requirements of the Waxman-Dymally Campaign Disclosure Act (Elec. Code, § 11500 et seq.), "including but not limited to the requirement of such law that the names and other identifying information be provided for persons who make contributions and loans and who receive expenditures." The preliminary injunction further provided: cross-defendants could omit from the campaign statements any such information which they claimed was constitutionally protected, if the omitted information was filed with the trial court under seal; the information so filed with the court was to be kept confidential until final determination of the action, "whereupon if defendants and cross-complainants do not prevail, the information filed with this Court under seal shall be immediately destroyed without said seal being broken." Cross-defendants appeal (Civ. No. 46314) from the order granting the preliminary injunction.[5]

[3]The Secretary of State must determine whether campaign statements filed with him conform with the requirements of the Waxman-Dymally Campaign Disclosure Act. He also is required to report apparent violations to "the appropriate law enforcement authorities." (Elec. Code, § 11585.) The Attorney General is responsible for enforcing the criminal provisions of the Act. (Elec. Code, § 11600.)

[4]An order denying a preliminary injunction is appealable. (Code Civ. Proc., § 904.1, subd. (f); *Lesser Towers, Inc.* v. *Roscoe-Ajax Constr. Co.* (1969) 271 Cal.App.2d 675, 693 [77 Cal.Rptr. 100].)

[5]An order granting a preliminary injunction is appealable. (Code Civ. Proc. § 904.1, subd. (f); *American Ins. Co.* v. *Gernand* (1968) 262 Cal.App.2d 300, 305 [68 Cal.Rptr. 810]; *Monterey Club* v. *Superior Court* (1941) 44 Cal.App.2d 351, 353 [112 P.2d 321].)

Meanwhile, on October 17, 1974, Common Cause and Michael Walsh filed a petition for leave to intervene as defendants. The petition alleged: Common Cause is a nonprofit District of Columbia corporation composed of 330,000 members throughout the United States; over 64,000 of such members are residents of California; Michael Walsh is the California chairman of Common Cause; Common Cause was organized to work for the improvement of political and governmental institutions and processes on federal, state and local levels in the United States; therefore, Common Cause and its members have a "direct interest" in laws relating to the reporting and public disclosure by political committees which make contributions and expenditures for the purpose of influencing the election of candidates for office in California. On October 17th, an ex parte order was made granting Common Cause and Walsh leave to intervene as parties defendant. Interveners filed an answer to plaintiffs' complaint. Plaintiffs moved to vacate the order granting intervention, and to strike the answer in intervention, on the ground that interveners lacked the requisite direct interest in the outcome of the litigation. On December 6, 1974, the trial court (Judge Pacht) granted plaintiffs' motion. Common Cause and Walsh appeal (Civ. No. 46314) from the order of December 6th which vacated the order granting leave to intervene and struck the answer in intervention.[6]

### *The Second Action* (No. C 115029)

On February 19, 1975, in Los Angeles County superior court, Central-East Los Angeles Socialist Workers' Campaign Committee and others[7] commenced an action for injunctive and declaratory relief against Burt Pines, Los Angeles City Attorney. The verified complaint

---

[6]An order denying leave to intervene is appealable. (*Bowles* v. *Superior Court* (1955) 44 Cal.2d 574, 582 [283 P.2d 704]; *Ryerson* v. *Riverside Cement Co.* (1968) 266 Cal.App.2d 789, 793 [72 Cal.Rptr. 595].) Where, as here, leave to intervene is first granted and later set aside on motion, the intervener may appeal from the order striking the pleading in intervention. (See *In re Veterans Industries, Inc.* (1970) 8 Cal.App.3d 902, 916 [88 Cal.Rptr. 303].)

[7]The other plaintiffs were: Westside Socialist Workers Campaign Committee, Catherine Hinds, Arnold Weissberg and John Doe. The complaint alleged: plaintiff committees were organized to support candidates nominated by the Socialist Workers Party for election to federal, state and local offices throughout California; to this end, said committees receive contributions and make expenditures on behalf of Socialist Workers Party candidates; plaintiff Hinds is a candidate of the Socialist Workers Party for board of trustees (community colleges) office No. 7 in the general primary election to be held April 1, 1975; plaintiff Weissberg is a Socialist Workers Party candidate for the Los Angeles Board of Education, office No. 5, in the same election; plaintiff John Doe is a resident of Los Angeles who wishes to contribute more than $50 to plaintiff Westside Socialist Workers Campaign Committee; he declines to do so because he fears that public disclosure of his contribution would subject him to harassment and reprisal.

challenged the constitutionality of Government Code, sections 84210, subdivisions (g) and (h), 84301, 84302, 84303, 84304, 84200 and 81008,[8] on the same grounds that formed the basis of the challenge to the Elections Code sections in action No. C 101761. Plaintiffs sought preliminary and permanent injunctions enjoining defendant[9] from enforcing against plaintiffs the enumerated sections of the Government Code. Plaintiffs also sought a judgment declaring that such sections are unconstitutional on their faces and as applied to plaintiffs.

Plaintiffs filed a motion for preliminary injunction. Following a hearing, the trial court (Judge Dowds) denied the motion. Plaintiffs appeal (Civ. No. 46258) from the order denying their motion for a preliminary injunction.[10]

### I. *Appeals from Orders Denying Plaintiffs' Applications for Preliminary Injunction*

■ The granting or denial of a preliminary injunction is within the discretion of the trial court, and its order may be reversed on appeal only if an abuse of discretion is shown. (*People* v. *Black's Food Store* (1940) 16 Cal.2d 59, 61 [105 P.2d 361]; *Santa Cruz F. B. Assn.* v. *Grant* (1894) 104 Cal. 306, 308 [37 P. 1034]; *Gosney* v. *State of California* (1970) 10 Cal.App.3d 921, 924 [89 Cal.Rptr. 390]; *Harbor Chevrolet Corp.* v. *Machinists Local Union 1484* (1959) 173 Cal.App.2d 380, 384 [343 P.2d 640].) ■ " 'The granting or denial of a preliminary injunction does not amount to an adjudication of the ultimate rights in controversy. It merely determines that the court, balancing the respective equities of the parties, concludes that, pending a trial on the merits, the defendant

---

[8]These sections of the Government Code are basically similar to Elections Code, sections 11518,.subdivisions (e) and (f), 11562, 11563, 11564 and 11580 (see fn. 2). The principal difference is that the Government Code sections require public disclosure of contributions and expenditures of $50 or more, and prohibit anonymous contributions of $50 or more.

The Political Reform Act of 1974 (Gov. Code, § 81000 et seq.) was added by initiative measure approved by the electors June 4, 1974, effective January 7, 1975. It replaces the Waxman-Dymally Campaign Disclosure Act (Elec. Code, § 11500 et seq.).

[9]Government Code, section 91001 provides in part: "(a) the Attorney General is responsible for enforcing the criminal provisions of this title [tit. 9, Gov. Code § 81000 et seq.] with respect to state agencies, lobbyists and state elections. The city and district attorneys of any city or county in which a violation occurs have concurrent powers and responsibilities with the Attorney General."

[10]After that order was made, the trial court permitted the Fair Political Practices Commission to intervene as a party defendant. Because the commission "has primary responsibility for the impartial, effective administration and implementation" of the Political Reform Act of 1974 (Gov. Code, §§ 81000, 83111), we granted the commission's application for leave to intervene in this appeal as a respondent.

should or that he should not be restrained from exercising the rights claimed by him.' " (*Kendall* v. *Foulks* (1919) 180 Cal. 171, 175 [179 P. 886]; *Miller & Lux* v. *Madera Canal etc. Co.* (1909) 155 Cal. 59, 62-63 [99 P. 502].) In reaching that conclusion, the court considers whether a greater injury will result to the defendant (and to third persons) from granting the injunction or to the plaintiff from refusing it. (*Santa Cruz F. B. Assn.* v. *Grant, supra,* 104 Cal. at p. 308.)

Plaintiffs' verified complaints for injunctive relief allege: members and supporters of the Socialist Workers Party have been, and continue to be, subjected to "governmental and private" harassment and reprisal; fear of such consequences has deterred several persons from joining the party, and from rendering financial assistance or services to the party; therefore, the challenged public disclosure requirements of the Elections Code and the Government Code deprive plaintiffs and their contributors and supporters of their rights of "associational privacy and anonymity" guaranteed by the First and Fourteenth Amendments to the United States Constitution, and by parallel provisions of the California Constitution. In support of their respective applications for a preliminary injunction, plaintiffs submitted a great many declarations. These showed that some of the members and supporters of the Socialist Workers Party have lost jobs and housing, and have been the targets of physical violence, because of their association with the party. It also appears from the declarations that some persons have been reluctant to contribute financially to the party because they fear that public disclosure of their contributions may subject them to economic or physical reprisal.

■ The right to engage in political expression and association is guaranteed by the First and Fourteenth Amendments. (*N.A.A.C.P.* v. *Alabama* (1958) 357 U.S. 449, 460 [2 L.Ed.2d 1488, 1498, 78 S.Ct. 1163]; *Sweezy* v. *New Hampshire* (1957) 354 U.S. 234, 250 [1 L.Ed.2d 1311, 1325, 77 S.Ct. 1203].) But such right is not absolute; it is "subject to reasonable restriction for reasons of compelling state interest." (*Buckley* v. *Valeo* (D.C. Cir. 1975) 519 F.2d 821, 868, app. pending, see: 423 U.S. 820 [46 L.Ed.2d 36, 96 S.Ct. 32].) The dual purpose of both the Waxman-Dymally Campaign Disclosure Act and the Political Reform Act of 1974 is to inform the electorate and to prevent the corruption of the political process.[11] ■ The achievement of these objectives promotes a com-

---

[11]Elections Code, section 11501: "The Legislature finds and declares as follows: [¶] (a) The people have a right to expect from their elected representatives at all levels of government assurances of the utmost in integrity, honesty, and fairness in their dealings; [¶] (b) The people further have a right, in order to knowledgeably vote for both

pelling state interest. (See *Buckley* v. *Valeo, supra,* 519 F.2d at p. 867; *Brown* v. *Superior Court* (1971) 5 Cal.3d 509, 524 [96 Cal.Rptr. 584, 487 P.2d 1224]; *Canon* v. *Justice Court* (1964) 61 Cal.2d 446, 452-453 [39 Cal.Rptr. 228, 393 P.2d 428].)

In balancing the injury to plaintiffs' First Amendment rights which would result from denial of a preliminary injunction, as against the injury to the people of California which would result from the granting of the injunction, the trial court properly could have concluded (and doubtless did conclude) that the latter injury would be the greater. ■ "[W]here an injunction is asked which will adversely affect a public interest for whose impairment, even temporarily, an injunction bond cannot compensate, the court may in the public interest withhold relief until a final determination of the rights of the parties, though the postponement may be burdensome to plaintiff. . . . 'Courts of equity may, and frequently do, go much farther both to give and withhold relief in furtherance of the public interest than they are accustomed to go when only private interests are involved.' " (*Yakus* v. *United States* (1944) 321 U.S. 414, 440-441 [88 L.Ed. 834, 857-858, 64 S.Ct. 660].)

■ Upon appeal from the denial of a preliminary injunction, the scope of inquiry is limited to determining whether or not the trial court has abused its discretion (see *Froomer* v. *Drollinger* (1960) 183 Cal.App.2d 787, 788-789 [7 Cal.Rptr. 268]), and the burden is upon the appellant to make a clear showing of abuse of that discretion. (*O'Shea* v. *Tile Layers Union* (1957) 155 Cal.App.2d 373, 377-378 [318 P.2d 102].) On the present appeals, plaintiffs make no such showing; they argue only the merits of the controversy.[12] We cannot, at this stage of the litigation, determine the merits of plaintiffs' claims. (See *Patterson* v. *Board of Supervisors* (1875) 50 Cal. 344, 345; *State Bd. of Barber Examiners* v. *Star* (1970) 8 Cal.App.3d 736, 739-740 [87 Cal.Rptr. 450]; *Paul* v. *Allied Dairymen, Inc.* (1962) 209 Cal.App.2d 112, 121 [25 Cal.Rptr. 595].) We conclude only that the trial court did not abuse its discretion in denying the preliminary injunctions. Such conclusion is no intimation of what the judgment should be following a trial on the merits. (*Patterson* v. *Board of*

candidates and measures, to a true and timely disclosure of the identity of financial backers and the extent of their financial support . . . ."

Government Code, section 81002: "The people enact this title to accomplish the following purposes: [¶] (a) Receipts and expenditures in election campaigns should be fully and truthfully disclosed in order that the voters may be fully informed and improper practices may be inhibited . . . ."

[12]See and distinguish *Doe* v. *Martin* (D. D.C. 1975) 404 F.Supp. 753, relied on at oral argument by Socialist Workers Party attorneys.

*Supervisors, supra,* 50 Cal. at p. 345; *French Art Cleaners v. St. Bd. etc. Cleaners* (1949) 91 Cal.App.2d 890, 897 [206 P.2d 25].)

## II. *Appeal from Order Granting Cross-complainants' Applications for Pre-liminary Injunction*

Cross-defendants contend the trial court was without jurisdiction to issue the preliminary injunction because it was issued after cross-defendants had perfected their appeal from the order denying their application for a preliminary injunction. This contention is based upon Code of Civil Procedure, section 916, which provides in part: "(a) . . . the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order."

By its order denying plaintiffs/cross-defendants' application for a preliminary injunction, the trial court refused to enjoin defendants/cross-complainants from enforcing the Waxman-Dymally Campaign Disclosure Act against cross-defendants during the pendency of the action. The preliminary injunction, which was issued after perfection of the appeal from that order, required cross-defendants to comply with the act. The preliminary injunction thus had the effect of enforcing the order denying a preliminary injunction. ■ It follows that the order granting the preliminary injunction is void (see *California State Auto. Assn. Inter-Ins. Bureau v. Jackson* (1973) 9 Cal.3d 859, 862, fn. 3 [109 Cal.Rptr. 297, 512 P.2d 1201]; *Dallman v. Dallman* (1958) 164 Cal.App.2d 815, 817-818 [331 P.2d 245]), and must be reversed.[13]

Cross-complainants point to the rule that an appeal from a collateral matter, such as an order denying a preliminary injunction, does not deprive the trial court of jurisdiction to try the cause on its merits. (*Gray v. Bybee* (1943) 60 Cal.App.2d 564, 571 [141 P.2d 32]; 6 Witkin, Cal. Procedure (2d ed.) Appeal, § 6, p. 4024.) However, the trial court's jurisdiction here to issue the preliminary injunction cannot be sustained under that rule. As previously stated, an order granting or denying a preliminary injunction does not amount to an adjudication of the ultimate rights in controversy. (*Bomberger v. McKelvey* (1950) 35 Cal.2d

---

[13]An appeal may be taken from an order even though it is void. (*Phelan v. Superior Court* (1950) 35 Cal.2d 363, 366 [217 P.2d 951].) The proper procedure is to reverse the void order rather than to dismiss the appeal from it. (*Avery v. Associated Seed Growers, Inc.* (1963) 211 Cal.App.2d 613, 630 [27 Cal.Rptr. 625]; *Estate of Hewitt* (1958) 160 Cal.App.2d 584, 587-588 [325 P.2d 113].)

607, 612 [220 P.2d 729]; *Paul* v. *Allied Dairymen, Inc., supra,* 209 Cal.App.2d at p. 121.) Its purpose is to preserve the status quo until the merits of the action can be determined. (*Continental Baking Co.* v. *Katz* (1968) 68 Cal.2d 512, 528 [67 Cal.Rptr. 761, 439 P.2d 889]; *Wind* v. *Herbert* (1960) 186 Cal.App.2d 276, 283 [8 Cal.Rptr. 817].) Instead of preserving the status quo, the preliminary injunction compelled cross-defendants to alter their position from that of noncompliance with the act to one of compliance.

### III.  *Appeal from Order Denying Intervention*

Code of Civil Procedure, section 387 provides in part: "At any time before trial, any person, who has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both, may intervene in the action or proceeding." ■  The right to intervene thus granted is not absolute; intervention properly is permitted only if the petitioner shows facts which satisfy the requirements of the statute. (*Hausmann* v. *Farmers Ins. Exchange* (1963) 213 Cal.App.2d 611, 614 [29 Cal.Rptr. 75]; *Muller* v. *Robinson* (1959) 174 Cal.App.2d 511, 515 [345 P.2d 25]; *Faus* v. *Pacific Elec. Ry. Co.* (1955) 134 Cal.App.2d 352, 355-356 [285 P.2d 1017].) The "interest" mentioned in section 387 which entitles a person to intervene must be "direct and not consequential" (*Isaacs* v. *Jones* (1898) 121 Cal. 257, 261 [53 P. 793, 1101]); it must be of such direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment that may be rendered. (*Allen* v. *California Water & Tel. Co.* (1947) 31 Cal.2d 104, 109 [187 P.2d 393]; *Jersey Maid Milk Products Co.* v. *Brock* (1939) 13 Cal.2d 661, 663 [91 P.2d 599]; *Elliott* v. *Superior Court* (1914) 168 Cal. 727, 734 [145 P. 101].)

The petition in intervention, filed by Common Cause and Michael Walsh in superior court action No. C 101761, fails to show that they possess the requisite direct interest in the subject matter of plaintiffs' action to enjoin enforcement of the Waxman-Dymally Campaign Disclosure Act against plaintiffs. As stated in *Jersey Maid Milk Products Co.* v. *Brock, supra,* 13 Cal.2d at page 664: "Any judgment rendered in said action will have no direct effect whatever upon any person other than the parties to said action. If the judgment should be in favor of the plaintiffs the defendant will be restrained from enforcing said acts against the plaintiffs but against no other person. If it should be in favor of the defendant, then the latter would be free from any legal restraint to enforce said judgment against the plaintiffs. This judgment would in no

way be binding upon the interveners as long as they are not parties to said action, and they will be as free to pursue their business after the rendition of said judgment, as they were before. They, therefore, would not gain or lose by the direct operation of the judgment. . . . as the judgment so rendered would have no binding effect upon the interveners, as it would upon the parties to this proceeding, and would in no way directly affect them, their interest is not a direct but a mere consequential interest in the matter in litigation."

Plaintiffs Socialist Workers 1974 California Campaign Committee, et al., also sought a judgment declaring that the challenged provisions of the act are unconstitutional on their faces and as applied to plaintiffs. Regarding the validity of the act on its face, petitioners stand in the same position as that of all of the people of California; therefore, petitioners have only an indirect and inconsequential interest (see *Allen* v. *California Water & Tel. Co., supra,* 31 Cal.2d at p. 109) in a declaration of the facial validity or invalidity of the act. Likewise, under the reasoning of the *Jersey Maid* case, petitioners would not be directly affected by a judgment declaring that the act is, or is not, constitutional as applied to plaintiffs.

Each of the orders denying a preliminary injunction is affirmed. The order which vacated the order granting leave to intervene, and struck the answer in intervention, is affirmed. The order granting a preliminary injunction is reversed. Each party is to bear its own costs of appeal.

Kingsley, Acting P. J., and Jefferson (Bernard), J., concurred.

On January 9, 1976, the judgment was modified to read as printed above. The petitions of all the plaintiffs and appellants and of the defendants, cross-complainants and respondents for a hearing by the Supreme Court were denied March 3, 1976.