[No. B024235. Second Dist., Div. Three. Jan. 11, 1988.]

DEMETRIUS JONES, a Minor, etc., Plaintiff and Respondent, v. CALIFORNIA INTERSCHOLASTIC FEDERATION, Defendant and Appellant.

**COUNSEL**

Patterson & Miller, Andrew Patterson and Robert C. Miller for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## OPINION

**KLEIN, P. J.**—Defendant and appellant California Interscholastic Federation (CIF) appeals an order granting a preliminary injunction in favor of plaintiff and respondent Demetrius Jones, a minor, by Gregory Jones, his father and guardian (hereinafter Jones).

Because the CIF's eight-semester limitation on athletic eligibility withstands the rational relationship test, and because the subject rule applies to Jones, the order is reversed.

### FACTUAL AND PROCEDURAL BACKGROUND

On October 16, 1986, Jones filed an ex parte application and complaint seeking a temporary restraining order and preliminary and permanent injunctions against Calabasas High School (Calabasas) and the CIF.

Jones alleged he was a 16-year-old minor attending Calabasas and expecting to graduate in June 1987. Until June 1983, when Jones completed the ninth grade, he lived in Chicago with his mother. Jones then moved to California to join his father. He completed the 10th and 11th grades in 1983-1984 and 1984-1985, respectively, in California.

Due to academic difficulties, Jones elected to repeat the 11th grade during the 1985-1986 school year. In 1986-1987, his senior year, Jones sought to participate in Calabasas' varsity athletic and football program, but was precluded from doing so by Calabasas' enforcement of the CIF's rule 202, the eight-semester limitation (Rule 202).[1]

Jones pled the CIF is an instrumentality of the state with respect to interscholastic athletics, and its Rule 202 is arbitrary and capricious both on its face and in its application to him. He maintained the rule was facially

---

[1] Rule 202 provides in relevant part: "EIGHT SEMESTERS [¶] A student who first enters the ninth grade of any school following the student's completion of the eighth grade in any school may be eligible for athletic competition during a maximum period of time that is not to exceed eight semesters and said eligibility must be used during the student's first eight consecutive semesters of enrollment at that school or any other school. Each [CIF] Section may, at its discretion, establish rules and procedures for waiving the limitation on semesters of eligibility, providing: [¶] (a) the student is required by the student's school principal to return to grade eight from grade nine and the student did not take part in an interscholastic athletic contest while in the ninth grade, for the first time, OR [¶] (b) the student, because of midyear completion of an eighth grade or a midyear completion of the ninth grade in a junior high school, is required by the student's school principal to repeat a semester of work in order to conform to a school program having annual terms, AND that the student had not taken part in an interscholastic athletic contest while enrolled for the first time in the semester which the student's school principal required the student to repeat."

invalid because it provides for a possible waiver of the eight-semester limitation where a student is required to return to grade eight from grade nine, without making such provision for similarly situated students in the upper grades.

Jones averred Rule 202 was overboard as applied to him on the ground his delayed graduation was due to academic reasons, and was not the result of "redshirting,"[2] and he was thus being deprived of the opportunity to enjoy and participate fully in the programs offered by Calabasas.

The trial court granted the preliminary injunction and enjoined the CIF from enforcing Rule 202 against Jones with the rationale he was not a student in a CIF school for the first year of his eligibility[3] and that rule 200 makes Rule 202 applicable only to CIF schools.[4]

The CIF appeals.

## CONTENTIONS

The CIF contends: (1) the issue presented is not moot, even though Jones will have completed his senior year by the time the case is resolved; (2) Rule 202 bears a rational relationship to a legitimate state purpose; (3) the grant of the preliminary injunction upset the consistent and even application of Rule 202 throughout California and was an abuse of the trial court's discretion; and (4) the trial court erred in its construction of the subject rule.

---

[2] The practice of delaying graduation for athletic reasons.

[3] The trial court held in relevant part: "Rule 202, as applied to Plaintiff, is irrational and deprives him due process and equal protection of the law. The by-law, as applied, purports to restrict Plaintiff's eligibility to engage in athletics to eight semesters in a *C.I.F. school* although he was not a student in a C.I.F. school in the first year of his 'eligibility.' [¶] Rule 200 makes Rule 202 applicable only to C.I.F. schools and nothing in Rule 202 says otherwise. Compare Rule 214. As applied, the rule is irrational on the further ground that Plaintiff has engaged in athletics for only two of the eight semesters of eligibility, has improved academically while engaged in athletics, and repeated the eleventh grade (his fifth and sixth semesters of eligibility in a C.I.F. school) for academic reasons and not to have an extra opportunity to participate in the athletic program. [¶] Thus, as applied to him the rule thwarts the reason for its existence, instead of furthering its rationale, as it does with others."

[4] Rule 200 states: "Only students regularly enrolled in public and private CIF member schools, grades 9-12, shall be permitted to participate in the [CIF], and shall represent only that school of enrollment except as provided in By-Law 303. . . : [¶] . . . . [¶] A student who participates in an interscholastic athletic contest or participates in at least one class at the school shall be considered to be 'enrolled' . . . ."

## DISCUSSION

### 1. *Appellate principles.*

■ Although Jones obtained the relief he sought and will have completed his senior year by the time this matter is heard, the appeal is not moot as it presents questions of continuing public interest " 'capable of repetition, yet evading review' " (*Roe* v. *Wade* (1973) 410 U.S. 113, 125 [35 L.Ed.2d 147, 161, 93 S.Ct. 705]), making resolution of the issues presented herein appropriate. (*Steffes* v. *California Interscholastic Federation* (1986) 176 Cal.App.3d 739, 745 [222 Cal.Rptr. 355].)

■ An order granting or denying a preliminary injunction is appealable, as being within the meaning of the provision for appeals in cases involving injunctions. (Code Civ. Proc., § 904.1, subd. (f); *Socialist Workers etc. Committee* v. *Brown* (1975) 53 Cal.App.3d 879, 885, fns. 4, 5 [125 Cal.Rptr. 915].)

■ " 'Whether a preliminary injunction shall be granted rests largely in the discretion of the trial court and will not be reversed on appeal unless there is a manifest abuse of discretion.' " (*Ingrassia* v. *Bailey* (1959) 172 Cal.App.2d 117, 125 [341 P.2d 370].) ■ However, the ultimate interpretation of a statute or administrative regulation is a question of law, and we are not bound by the trial court's determination. (*California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 699 [170 Cal.Rptr. 817, 621 P.2d 856]; *Shoban* v. *Board of Trustees* (1969) 276 Cal.App.2d 534, 541 [81 Cal.Rptr. 112]; *Westfall* v. *Swoap* (1976) 58 Cal.App.3d 109, 114 [129 Cal.Rptr. 750].)

### 2. *Rule 202 passes constitutional muster.*

#### a. *Background.*

The CIF was organized at a high school athletic convention held at the Y.M.C.A. Field House in Los Angeles on March 28, 1914. It is now one of 50 state associations that belong to the National Federation of State High School Associations. Generally, the rules recommended by the national body are adopted by the CIF. (CIF Southern Section 1986-1987 Blue Book, p. 16.)

■ The CIF was legislatively recognized in 1981 as a voluntary organization with responsibility for administering interscholastic athletics in

California secondary schools. (Ed. Code, § 33353.)[5] Enforcement of its rules constitutes "state action" for purposes of constitutional analysis. (*Steffes* v. *California Interscholastic Federation, supra,* 176 Cal.App.3d at p. 746.)

b.   *Rational basis standard of review appropriate.*

■   While the right to public education has been determined to be a fundamental right under the California Constitution (*Serrano* v. *Priest* (1976) 18 Cal.3d 728, 765-766 [135 Cal.Rptr. 345, 557 P.2d 929]), in a later case of first impression, *Steffes* held participation in interscholastic athletics does not involve a fundamental right so as to invoke strict scrutiny review standards. Therefore, an equal protection challenge involving such right is properly tested by the rational basis standard. (*Steffes* v. *California Interscholastic Federation, supra,* 176 Cal.App.3d at pp. 747-748.)

■   Under the rational basis test, Rule 202 need only be rationally related to a legitimate state purpose. (*Id.,* at p. 748.)   ■   " ' "If the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.' " Once a rational relationship exists, . . . , judicial scrutiny must cease. Whether the rule is wise or creates undue individual hardship are policy decisions better left to legislative and administrative bodies. Schools themselves are by far the better agencies to devise rules and restrictions governing extracurricular activities. Judicial intervention in school policy should always be reduced to a minimum.' " (*Id.,* at p. 749.)

■   Mindful of *Steffes's* directive, we are unmoved by Jones's argument the rule is facially invalid due to its more favorable treatment of students who are compelled to return to the eighth grade, as opposed to upperclass students who are held back in the later years. Equal protection guarantees are not offended by slightly more lenient treatment of younger students who have more time to remedy any academic deficiencies.

Separately, Jones concedes Rule 202 promotes academic pursuits by discouraging unnecessary delays in graduation for athletic reasons, but urges its application to him is arbitrary and capricious because he repeated the 11th grade solely for academic reasons. However, Jones's recognition that Rule 202 has a rational basis makes his argument untenable, as judicial

---

[5] Education Code section 33353 provides in pertinent part: "The [CIF] is a voluntary organization consisting of school and school related personnel with responsibility, generally, for administering interscholastic activities in secondary schools. It is the intent of the Legislature that the [CIF], in consultation with the State Department of Education, implement [certain] policies: . . ."

scrutiny ceases once a rational relationship is established. (*Steffes* v. *California Interscholastic Federation, supra,* 176 Cal.App.3d at p. 749.)

Further, Jones overlooks the fact that at least two important goals of the rule would be furthered by holding him subject thereto. Rule 202 creates interscholastic athletic opportunity for younger students more recently arrived at Calabasas. In addition, competitive equity among CIF member schools is advanced by averting a situation where teams of more veteran athletes encounter teams from schools where athletes have not been held back.

Rule 202 with its eight-semester limitation bears a rational relationship to the various legitimate state purposes set forth above and is valid both on its face and in its application to Jones.

3. *Trial court's construction of the rule erroneous.*

Education Code section 35179 authorizes voluntary associations such as the CIF to enact and enforce rules relating to eligibility for, and participation in, interscholastic athletics. ■ In the CIF's Rule 202 requiring eligibility for athletic competition to be used during a student's first eight consecutive semesters at that school or any other school, the disputed language is "any other school." The CIF interprets the phrase as applying to *any* school other than the current school of attendance, wherever situated, and whether or not said school is a CIF school.

The rationale behind the CIF's interpretation is the rule's promotion of a high school education over high school athletics. This priority requires Rule 202's eight-semester requirement to be strictly adhered to, whether the semesters are spent in California, Illinois, a CIF school, or a non-CIF school.

Applying the same rules of construction to administrative rules and regulations as are applied to statutes (*Westfall* v. *Swoap, supra,* 58 Cal.App.3d at p. 114), "[i]nterpretive constructions which render some words surplusage, defy common sense, or lead to mischief or absurdity, are to be avoided" (*California Mfrs. Assn.* v. *Public Utilities Com.* (1979) 24 Cal.3d 836, 844 [157 Cal.Rptr. 676, 598 P.2d 836]), and "[i]t is a settled principle in California law that 'When statutory language is . . . clear and unambiguous there is no need for construction, and courts should not indulge in it.' " (*In re Waters of Long Valley Creek Stream System* (1979) 25 Cal.3d 339, 348 [158 Cal.Rptr. 350, 599 P.2d 656].)

■ Despite the general rule that ambiguity is a condition precedent to interpretation, " '[t]he literal meaning of the words of a statute may be

disregarded to avoid absurd results or to give effect to manifest purposes that, in the light of the statute's legislative history, appear from its provisions considered as a whole.' " (*County of Sacramento* v. *Hickman* (1967) 66 Cal.2d 841, 849, fn. 6 [59 Cal.Rptr. 609, 428 P.2d 593].) The words, with their commonly accepted meaning, of a rule or regulation should be considered first (*People* ex rel. *Younger* v. *Superior Court* (1976) 16 Cal.3d 30, 43 [127 Cal.Rptr. 122, 544 P.2d 1322]), and the rule or regulation should be interpreted so as to render it valid, whenever possible. (*People* v. *Rath Packing Co.* (1978) 85 Cal.App.3d 308, 325 [149 Cal.Rptr. 431].)

■ Further, while administrative interpretations are to be rejected where contrary to statutory intent, because of an agency's expertise with regard to a regulation it enforces, the agency's construction is entitled to great weight and will be upheld unless clearly erroneous or unauthorized. (*Pacific Legal Foundation* v. *Unemployment Ins. Appeals Bd.* (1981) 29 Cal.3d 101, 111 [172 Cal.Rptr. 194, 624 P.2d 244].)

■ The trial court here held the rule did not bar Jones from competing in his senior year because he was not a student in a CIF school in the first year of his eligibility, having spent the ninth grade in Chicago. One effect of this construction is to confer greater rights unfairly upon students coming from out of state, as opposed to those who receive their entire education within California.

In arriving at this interpretation, the trial court relied on rule 200, which it construed as making Rule 202 applicable only to CIF schools. However, rule 200 merely sets forth general eligibility requirements by stating, "[o]nly students regularly enrolled in public and private CIF member schools, grades 9-12, shall be permitted to participate in the [CIF], . . ." Nowhere does rule 200 suggest the eight-semester rule does not apply to semesters spent at non-CIF schools.

The trial court thus abused its discretion in substituting its interpretation of Rule 202 for that of the CIF and in place of the common meaning of the words that were used by the agency on matters within the agency's discretion. (*Pacific Legal Foundation* v. *Unemployment Ins. Appeals Bd., supra,* 29 Cal.3d at p. 111.)

Under its plain meaning and in accordance with its purpose, "any other school" of Rule 202 includes non-CIF schools and applies to Jones.[6]

---

[6]Pursuant to Evidence Code sections 452, subdivision (h), and 459, we take judicial notice of by-law 3.051 of the Illinois High School Association, which provides in pertinent part: "After they enroll in the ninth grade, students shall be eligible for no more that eight (8) semesters."

## DISPOSITION

The order is reversed. Jones to bear costs on appeal.

Arabian, J., and Croskey, J., concurred.

---

We also judicially notice the Recommended Eligibility Standards for Athletics promulgated by the National Federation of State High School Associations. Those standards provide in relevant part: "3. MAXIMUM PARTICIPATION: [¶] A student may have the privilege to participate in the interscholastic program for four consecutive years (eight consecutive semesters or equivalent) after entering the ninth grade of a four-year high school or three consecutive (six consecutive semesters or equivalent) after entering the tenth grade of a three-year high school. By state high school association adoption, exceptions may be permitted to the requirement of consecutive years of participation."

  In light of the apparent universality of the eight-semester limitation on eligibility, Jones cannot be surprised by the CIF's Rule 202, and would have been subject to the same limitation had he remained in Illinois.