Filed 3/24/21  Schneider v. Bank of America CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| CHRISTOPHER SCHNEIDER, | C091181 |
| Plaintiff and Appellant, | (Super. Ct. No. 19CVC11425) |
| v. | |
| BANK OF AMERICA, N.A. et al., | |
| Defendants and Respondents. | |

Christopher Schneider filed an appeal from an order denying a motion for a temporary restraining order and motion for an order to show cause for a preliminary injunction.  We dismiss the appeal as taken from a nonappealable order.

### BACKGROUND

On November 5, 2019, Schneider filed a class action civil complaint[1] against Bank of America, N.A. (Bank of America) and Federal Home Loan Mortgage Corporation

---

[1]    Schneider's complaint contains no class allegations.  Code of Civil Procedure section 382 provides that a class action may be brought "when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is

(Freddie Mac) alleging Bank of America and Freddie Mac engaged in an unlawful foreclosure scheme, locked him out of his own home, and caused him to suffer great emotional and physical distress. The complaint includes causes of action for theft, intentional infliction of emotional distress, invasion of privacy, breach of contract, unjust enrichment, and other state and federal causes. On the same day, he filed a motion for a temporary restraining order and for an order to show cause for a preliminary injunction (motion).

The motion was heard on November 15, 2019. After the hearing, the trial court issued its order stating, "[Schneider's] Motion for Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction is denied without prejudice as Plaintiff *has failed to provide timely proof of service* as to Defendants pursuant to [California Rules of Court, rule] 3.1150(a)." (Italics added.)

Schneider filed a notice of appeal from the order denying the motion.[2]

DISCUSSION

"The existence of an appealable judgment is a jurisdictional prerequisite to an appeal." (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.) Whenever doubt exists regarding the appealability of a judgment or order, this court must consider the issue on its own initiative. (*Ibid.*) Upon consideration, we conclude the appeal must be dismissed for lack of jurisdiction.

---

impracticable to bring them all before the court." (See, e.g., *Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1021.) Accordingly, this is not a class action, but a civil complaint filed by one individual.

**2**     After Schneider filed his notice of appeal, Bank of America and Freddie Mac demurred to Schneider's complaint, and the trial court sustained the demurrer without leave to amend. On November 25, 2020, the trial court issued a judgment dismissing that action against Bank of America and Freddie Mac with prejudice. Schneider did not appeal from this final judgment.

In California "[t]he right to appeal is wholly statutory. [Citation.] Code of Civil Procedure section 904.1 lists appealable judgments and orders." (*Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5.) Code of Civil Procedure section 904.1, subdivision (a)(6), provides that an appeal can be taken from an "order granting or . . . refusing to grant . . . an injunction." (Code Civ. Proc., § 904.1, subd. (a)(6).) Case law establishes that an appeal may be taken from an order denying a preliminary injunction. (*Fonteno v. Wells Fargo Bank, N.A.* (2014) 228 Cal.App.4th 1358, 1380; *Right Site Coalition v. Los Angeles Unified School Dist.* (2008) 160 Cal.App.4th 336, 338, fn. 1; *Socialist Workers etc. Committee v. Brown* (1975) 53 Cal.App.3d 879, 885, fn. 4.)

Here, Schneider filed an appeal from an order denying his motion for a temporary restraining order and an application for an order to show cause for a preliminary injunction. We do not need to resolve the issue of whether a temporary restraining order constitutes an injunction within the meaning of subdivision (a)(6) of Code of Civil Procedure section 904.1 because the trial court's order does not actually address whether Schneider was entitled to a temporary restraining order or a preliminary injunction. Entitlement to a temporary restraining order or preliminary injunction requires " ' "that the court, balancing the respective equities of the parties, concludes that, pending a trial on the merits, the defendant should or that he should not be restrained from exercising the rights claimed by him." ' " (*Socialist Workers etc. Committee v. Brown, supra,* 53 Cal.App.3d 879, 887-888.) Here, however, the trial court did not consider the respective equities of the parties for purposes of a temporary restraining order or a preliminary injunction.

As the trial court's order shows, Schneider did not give proper notice of the motion in accordance with California Rules of Court, rule 3.1150(a). By denying the motion *without prejudice,* the trial court was inviting Schneider to cure his improper service of process. Instead of filing a new motion with proper service of process,

Schneider filed a notice of appeal. We note that a preliminary injunction may not be granted without notice to the opposing party. (Code Civ. Proc., § 527, subd. (a); Cal. Rules of Court, rule 3.1150(a); see *People ex rel. Reisig v. Broderick Boys* (2007) 149 Cal.App.4th 1506, 1519.) Without timely notice to Bank of America and Freddie Mac, the trial court did not reach the merits of Schneider's motion. On this record, we conclude the trial court's denial of the motion without prejudice was not a denial of an injunction within the meaning of Code of Civil Procedure section 904.1, subdivision (a)(6). Therefore, Schneider's appeal is taken from a nonappealable order and must be dismissed.

DISPOSITION

The appeal is dismissed. Bank of America and Freddie Mac shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


/s/
HOCH, J.



We concur:



/s/
ROBIE, Acting P. J.



/s/
MAURO, J.

4