[Civ. No. 56014. Second Dist., Div. Five. Oct. 24, 1979.]

ELMER JEFFREY MOORE, Plaintiff and Appellant, v.
CITY OF TORRANCE, Defendant and Respondent.

**COUNSEL**

Ainbinder & Blatt and Michael Ainbinder for Plaintiff and Appellant.

Stanley E. Remelmeyer, City Attorney, and Stuart B. Scudder, Deputy City Attorney, for Defendant and Respondent.

**OPINION**

**HASTINGS, J.**—Plaintiff and appellant Elmer Jeffrey Moore appeals the summary judgment in favor of defendant and respondent City of Torrance (City).

City's first motion for summary judgment was heard and denied.[1] The reason given by the trial court was that California Government

---

[1] This was actually the second motion for summary judgment, but the first to be heard on the merits. The first motion by City was placed off calendar.

Tort Liability (Cont.Ed.Bar 1964) pages 234-235 concluded that Civil Code section 846 immunity did not apply to public entities. City then filed a motion for reconsideration because the 1977 Continuing Education of the Bar edition stated that the section did apply to public entities citing *English* v. *Marin Mun. Water Dist.* (1977) 66 Cal.App. 3d 725 [136 Cal.Rptr. 224]. No new facts concerning the accident were alleged in the motion for rehearing. It was based solely on the apparent change in the law as reported in *English*, *supra*. Plaintiff has appealed contending that a motion for reconsideration must state new facts and in the alternative the granting of the summary judgment was error because there are triable issues of fact.

The pertinent facts are as follows: on or about February 5, 1977, plaintiff and several friends rode their bicycles to City's Entradero Park. In the park is a Little League baseball field and a "sump" area immediately adjacent thereto. City had given a motocross club permission to grade it into a motocross track and to hold meets there from time to time. There was no supervision of the motocross track by City officials except when there were permitted activities on the track by club personnel. One fence surrounds the Little League field and the motocross track. When the area was closed, persons could gain access by climbing the fence or going through a turnstile. Plaintiff and his friends apparently got in by going through or under the turnstile. The area was closed at the time of the accident and no City officials were present. City took no active steps to prevent entry by children or other personnel but neither the plaintiff nor the others were invited by City for this activity nor did they pay a fee for entry. On the track was a wooden jumping ramp approximately four feet high which had been placed there by some other children. Plaintiff sought to negotiate the jumping ramp on his bicycle, lost control and landed on his head and was severely injured. City denied knowledge of the ramp.

In *English* v. *Marin Mun. Water Dist., supra,* 66 Cal.App.3d 725, plaintiff was riding his motorcycle uphill on a path across private property and onto the district's property. At the crest of a hill, at or near the common boundary, there was a 25-foot precipice which the complaint characterized as "the trap at the top of the hill." The complaint charged that the Marin Municipal Water District knew or should have known that cyclists used the trail for recreational purposes and that the hazard was such that it had a duty to provide some notice, fencing or other protective device to warn cyclists of the danger of propelling themselves

over the sudden drop. Civil Code section 846[2] declares that a landowner has no duty to keep his premises safe for named recreational entry or use or to warn against hazards thereon even where permission was given unless, independently of its terms, the owner was otherwise liable (a) for willful or malicious failure to guard or warn against a hazard; or (b) the injured user had directly paid a consideration to such owner for the entry; or (c) where the user had been expressly invited rather than merely permitted by the owner to enter the premises. Relying on section 846, the *English* court held that the trial court was proper in granting a summary judgment in favor of defendant Marin Municipal Water District.

In our present case, the trial court after granting the motion for rehearing found that plaintiff was using the motocross track for recreation. He had not been invited to enter the premises nor had he paid a consideration for the entry and there was no allegation or facts to justify a willful or malicious failure to guard or warn against a hazard. It therefore ruled that section 846 was controlling and granted summary judgment.

■ 1. Plaintiff's first issue on appeal is that the court could not consider the motion for reconsideration based upon Code of Civil Procedure section 1008. Plaintiff is relying upon the amended version of this code section that became effective January 1, 1979. Prior to that date, it is quite clear that a court had inherent jurisdiction to reconsider a

---

[2]Section 846 of the Civil Code in 1977 provided: "An owner of any estate in real property owes no duty of care to keep the premises safe for entry or use by others for fishing, hunting, camping, water sports, hiking, spelunking, riding, including animal and all types of vehicular riding, rock collecting, or sightseeing or to give any warning of hazardous conditions, uses of, structures, or activities on such premises to persons entering for such purposes, except as provided in this section. [¶] An owner of any estate in real property who gives permission to another for entry or use for the above purposes upon the premises does not thereby (a) extend any assurance that the premises are safe for such purposes, or (b) constitute the person to whom permission has been granted the legal status of an invitee or licensee to whom a duty of care is owed, or (c) assume responsibility for or incur liability for any injury to person or property caused by any act of such person to whom permission has been granted except as provided in this section. [¶] This section does not limit the liability which otherwise exists (a) for willful or malicious failure to guard or warn against a dangerous condition, use, structure or activity; or (b) for injury suffered in any case where permission to enter for the above purposes was granted for a consideration other than the consideration, if any, paid to said landowner by the state; or (c) to any persons who are expressly invited rather than merely permitted to come upon the premises by the landowner. [¶] Nothing in this section creates a duty of care or ground of liability for injury to person or property."

motion even though the motion had previously been denied on its merits. Until final determination of an action a decision on such a motion is not res judicata and the court has jurisdiction to reconsider it by considering it a renewal of the original motion. (See *O'Brien* v. *City of Santa Monica* (1963) 220 Cal.App.2d 67 [33 Cal.Rptr. 770].) Inasmuch as the motion for reconsideration was granted, heard and decided in 1978, it acted under its inherent jurisdiction at that time.

■ 2. Plaintiff next argues that his complaint states a cause of action under Government Code section 835[3] which states that a public entity is liable for injury caused by a dangerous condition of its property. By placing this cause of action under this section plaintiff argues that he has two triable issues of fact, (1) was the jumping ramp a dangerous condition within the meaning of the section, and (2) did City have actual or constructive notice of the dangerous condition. The trial court ruled that Government Code section 835 did not come into play because the facts of this case squarely placed it within the immunity provisions of Civil Code section 846 which are thereby controlling.

Plaintiff argues that section 846 in granting immunity is a *general* statute, whereas section 835 is a *specific* statute because it creates liability only after plaintiff has established by a preponderance of the evidence that all of the elements required under the Tort Claims Act are satisfied. He contends therefore that Government Code section 835 is controlling. We do not think the distinction, if true, is valid within the context of this case. In California Government Tort Liability (Cont. Ed. Bar Supp. 1977) *supra*, pages 75 and 76, it is conceded that in some situations immunity provisions can be absolute while in other situations a public entity may be immune from liability under one theory of recovery, and still liable under some other theory to which the same immunity provision does not extend. However, on page 75 we find this comment: "Finally, it must be kept in mind that under § 815(b), statutory liabilities of public entities are subject to immunities 'provided by

---

[3]Government Code section 835 states: "Except as provided by statute, a public entity is liable for injury caused by a dangerous condition of its property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either: [¶] (a) A negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or [¶] (b) The public entity had actual or constructive notice of the dangerous condition under Section 835.2 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition."

statute,' thereby opening the issue of the proper interpretation of the several statutory immunity provisions. The question is this: *Properly construed, does the particular immunity provision relied upon apply to the facts of the case?*" (Italics added.)

We are satisfied that the facts of our present case fall directly within the immunity provisions of Civil Code section 846. Plaintiff was using the property for recreational purposes, he was not an invitee nor did he pay consideration for using the facilities. The area was closed to the public at the time with no supervisory personnel being present. Furthermore, there is no allegation of willfulness or malicious failure to guard or warn against City.

■ Plaintiff argues that section 846 applies only to owners of private property and not to publicly owned property. *English v. Marin Mun. Water Dist., supra,* 66 Cal.App.3d 725, however, clearly refutes this argument. Since *English* was reported, the state Legislature has by amendment broadened section 846 but it did not remove public entities from its protection. The Legislature is presumed to have had knowledge of the existing judicial decision and therefore it is reasonable to expect that it intended public entities to also benefit from the immunity.

■ And finally, plaintiff argues that it is a question of fact as to whether he paid consideration for the use of the park by virtue of the fact that his parents pay taxes to support the municipal facilities. We are certain that this is not the type of consideration that the Legislature had in mind when it included consideration as a factor in Civil Code section 846. Clearly, consideration means some type of entrance fee or charge for permitting a person to use specially constructed facilities. There are many amusement facilities in government-owned parks that charge admission fees and a consideration in this or a similar context was intended.

The summary judgment is affirmed.

Kaus, P. J., and Ashby, J., concurred.