[No. B066227. Second Dist., Div. Six. Dec. 22, 1993.]

MICHAEL R. JOHNSON, Plaintiff and Appellant, v.
UNOCAL CORPORATION, Defendant and Respondent.

**COUNSEL**

Newell & Messer and John W. Messer for Plaintiff and Appellant.

Hillsinger & Costanzo, Seana B. Thomas and Clifford R. Anderson III for Defendant and Respondent.

## OPINION

**GILBERT, J.**—Under Civil Code section 846, landowners who permit others to use their property for recreational purposes, are immune from liability for injuries suffered by such recreational use of their land.[1]

A company owns land which it allows the public to use without charge for recreation purposes. Groups or persons using the land must sign a form which, among other things, obligates the user of the land to hold the company harmless from damages for injuries arising out of the use of the land.

We hold that under section 846 the company enjoys immunity from liability for recreational use of its land, and that the hold harmless clause does not constitute consideration which would except the company from the immunity provisions of section 846.

In an earlier appeal in this matter, we reversed summary judgment granted respondent Unocal Corporation (Unocal) to give appellant, Michael R. Johnson (Johnson), an opportunity to discover whether there are facts showing Unocal received consideration for his use of Unocal's picnic grounds within the meaning of section 846.[2]

Through discovery Johnson learned that his employer, Abex Corporation (Abex), executed an agreement with Unocal which, inter alia, contains a hold harmless clause. Because the hold harmless clause in the agreement did not constitute consideration, the exception to immunity in section 846 does not apply here. We therefore affirm the summary judgment granted Unocal.

### FACTS

Abex asked Unocal for permission to use Unocal's popular Orcutt Hill Picnic Grounds for its annual company picnic. Unocal agreed to allow Abex to use its grounds and reserved a specific date for the picnic. Unocal did not charge Abex for the use of its grounds.

---

[1] Section 846 provides, in pertinent part: "An owner of . . . real property . . . owes no duty of care to keep the premises safe for . . . use . . . for any recreational purpose or to give any warning of hazardous conditions, . . . structures . . . , except as provided in this section. [¶] A 'recreational purpose,' . . . includes such activities as . . . picnicking . . . . [¶] This section does not limit the liability which otherwise exists . . . (b) for injury suffered in any case where permission to enter . . . was granted for a consideration . . . or where consideration has been received from others for the same purpose; or (c) to any persons who are expressly invited rather than merely permitted to come upon the premises by the landowner."
All further statutory references are to the Civil Code unless otherwise specified.
[2] *Johnson* v. *Unocal* (June 6, 1990) B041505 (nonpub. opn.).

Abex employees did not need a formal invitation to attend the picnic. They knew they could attend simply by purchasing a ticket from the "Aurora Club" to which all Abex employees automatically belonged. The Aurora Club provided all the food, drink and games at the picnic. Johnson purchased a ticket and attended the picnic. He suffered injuries on the picnic grounds during a game of horseshoes when he leaned against a railing which collapsed and caused him to fall. Johnson sued Unocal for his injuries.

His form complaint alleged he was an invited guest and a recreational user of the property. He did not state he was a paying guest, nor did he elaborate on facts concerning consideration. Unocal has maintained that Johnson's action is barred by section 846.

The trial court previously denied Johnson a continuance to discover if there were facts as to whether Unocal received consideration for the use of its picnic grounds or whether he could be viewed as an express invitee so as to come within the exceptions to immunity stated in section 846. The trial court found that Unocal made its picnic grounds available to the public for recreational use without consideration, that Johnson was a permissive user not expressly invited, and that Unocal received no consideration for Johnson's use of the grounds at the picnic. It granted summary judgment to Unocal.

We reversed that summary judgment and directed the trial court to permit a continuance to allow Johnson an opportunity to discover whether there were facts which might enable him to proceed against Unocal. (Code Civ. Proc., § 437c, subd. (h); *Nazar* v. *Rodeffer* (1986) 184 Cal.App.3d 546, 555-556 [229 Cal.Rptr. 209].)[3]

After remand, further discovery revealed that:

1. Reservations for use of the picnic grounds are obtained on a first-come, first-served basis;

2. Unocal does not advertise the availability of the picnic grounds;

3. Unocal does not give preference to its business customers in booking reservations;

4. Unocal uses no other criteria to give preference to one group over another;

---

[3]Code of Civil Procedure section 437c, subdivision (h) states, in pertinent part: "If it appears from the affidavits submitted in opposition to a motion for summary judgment . . . that facts essential to justify opposition *may* exist but cannot, for reasons stated, then be presented, the court shall deny the motion, or order a continuance to permit affidavits to be obtained or discovery to be had or may make any other order as may be just." (Italics added.)

5. Once a reservation is booked, Unocal does not "bump" the holder of the reservation in preference to others;

6. Unocal requires all groups to sign a form setting forth various rules and regulations for use of its picnic grounds.

On renewed motion for summary judgment, in light of these undisputed facts, the trial court again granted Unocal summary judgment.

■■■ Johnson urges us to engraft onto the provisions of section 846 an extremely broad view of the phrase "good consideration" found in section 1605. Section 1605 states: "Any benefit conferred, or agreed to be conferred, upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise."

He argues that under section 1605, the hold harmless paragraph constitutes consideration within the meaning of section 846. The hold harmless paragraph reads:

"17. Union shall not be responsible to you, or to any other person or persons whomsoever, for any damage to or loss of any property or injury to or death of any person or persons directly or indirectly arising out of or resulting from, or in any way connected with the use, maintenance, or occupancy of Union's premises, or from the exercise or enjoyment of any of the rights or privileges accorded you under this permit, and you agree to indemnify Union against and save it harmless from any and all claims, demands or liability for any such damage, loss, injury, or death, and any and all cost and expense incurred by Union in connection therewith. You agree to pay Union in full and promptly upon demand for any and all loss of and damage to Union's property caused by, or growing out of, any operation of yours hereunder or in connection herewith."

The construction of a statute is a matter of law for the appellate court to decide. (*Jones* v. *California Interscholastic Federation* (1988) 197 Cal.App.3d 751, 756 [243 Cal.Rptr. 271].) "It is a cardinal rule that statutes should be given a reasonable interpretation and in accordance with the apparent purpose and intention of the law makers. Such intention controls if it can be reasonably ascertained from the language used. [Citations.]" (*County of Alameda* v. *Kuchel* (1948) 32 Cal.2d 193, 199 [195 P.2d 17].)

"[T]he intent of the Legislature is the end and aim of all statutory construction [citations] . . . ." (*Title Ins. & Trust Co.* v. *County of Riverside*

(1989) 48 Cal.3d 84, 95 [255 Cal.Rptr. 670, 767 P.2d 1148].) "Courts may, of course, disregard even plain language which leads to absurd results or contravenes clear evidence of a contrary legislative intent... . ." (*Ornelas* v. *Randolph* (1993) 4 Cal.4th 1095, 1105 [17 Cal.Rptr.2d 594, 847 P.2d 560].)

In both *Hubbard* v. *Brown* (1990) 50 Cal.3d 189 [266 Cal.Rptr. 491, 785 P.2d 1183], and *Ornelas*, our Supreme Court expressed concern that "section 846 . . . be construed so as to effect the intention of the Legislature in its enactment. [Citations.]" (*Hubbard* v. *Brown, supra,* 50 Cal.3d at p. 196; *Ornelas* v. *Randolph, supra,* 4 Cal.4th at pp. 1105-1109.) "The statutory goal [of section 846] was to constrain the growing tendency of private landowners to bar public access to their land for recreational uses out of fear of incurring tort liability. [Citations.]" (*Hubbard, supra,* at p. 193.)

Accordingly, our Supreme Court jettisoned the test of whether property is "suitable" for recreational use because such a test "can only thwart the laudable goal of inducing owners to make their properties available for recreation." (*Ornelas* v. *Randolph, supra,* 4 Cal.4th at p. 1107. See also *Hubbard* v. *Brown, supra,* 50 Cal.3d 189.)

█ The purpose of section 846 is to encourage landowners to permit people to use their property for recreational use without fear of reprisal in the form of lawsuits. The trial court should therefore construe the exceptions for consideration and express invitees narrowly.

█ The hold harmless agreement here requires users to indemnify Unocal from costs and expenses it might incur in defense of claims. Johnson therefore argues that because attorney fees are costs of suit under Code of Civil Procedure section 1033.5, which are not available in the absence of statute or contract, the agreement constitutes consideration.

Johnson suggests that it is possible a trial court might award attorney fees in a lawsuit because of the agreement with its hold harmless clause. Perhaps, but it is not helpful here to speculate what a court might do if Abex had filed an action against Unocal. Furthermore, such a remote, potential "benefit" to Unocal does not constitute consideration to Johnson.

In any event, our Supreme Court cautions that the meaning of a concept for one purpose may be entirely different for another legislative purpose. (*Hubbard* v. *Brown, supra,* 50 Cal.3d at p. 196.) "For example, '[t]he concept of "property interests" for taxation purposes is entirely different from that of compensable interests in eminent domain.'" (*Ibid.*)

Section 846, may preclude immunity "where permission to enter . . . was granted for a consideration . . . *paid* to . . . landowner . . . or where

consideration *has been received* from others . . . ." (Italics added.) Johnson urges that we so broaden the definition of consideration contained in section 1605 so as to defeat the purpose of section 846.

The mere potential for reimbursement for defense costs incurred if a suit were filed is neither current payment for entry nor a benefit currently received for entry. The 1963 Regular Session Summary Digest of the California State Legislature states, the Legislature intended landowners to owe no duty of care to recreational users of their land unless "compensation is paid for use of land . . . ."

Although the disjunctive language in section 846, "where consideration has been received from others," suggests that consideration is not limited solely to direct payment of entrance fees, we hold that at minimum, consideration received must consist of a present, actual "benefit bestowed or a detriment suffered." (*A. J. Industries, Inc.* v. *Ver Halen* (1977) 75 Cal.App.3d 751, 761 [142 Cal.Rptr. 383].)

Although in some cases the amount of consideration may be slight, it must be more substantial than what Johnson suggests here. For example, in *Ver Halen*, a corporation and its president settled their dispute. The president relinguished his right to participate in management of the corporation, and the ability to control his stock. The corporation relieved him from all claims and liabilities it may have had against him. In *Newberger* v. *Rifkind* (1972) 28 Cal.App.3d 1070, 1073 [104 Cal.Rptr. 663, 57 A.L.R.3d 1232], the Court of Appeal held that stock options provided employees as part of their compensation constituted consideration even though the employees paid no money or property in exchange for the options. (*Id.* at p. 1073.)

What Johnson calls consideration here is far more tenuous. Moreover, as regards section 846, we are aware of no cases in which consideration did not involve the actual payment of an entrance fee by plaintiff to defendant.

The position espoused by Johnson would encourage an injured recreational user to claim that nearly any rule, restriction or regulation imposed by a landlord would be consideration. Under such a view, one might argue that the requirement that Abex line trash cans and clean up after itself is a sufficient benefit to Unocal to dissolve the immunity provisions set forth in section 846. Such an expansive view of consideration would be antithetical to the purposes of this legislation, particularly in light of the recent pronouncements of our Supreme Court in *Hubbard* and *Ornelas*.

The instant hold harmless clause does not directly provide for reimbursement of attorney fees, even in the event of a future claim or suit. It

merely calls for indemnification of costs generally if such a claim were made. It is speculative whether a trial court would find such a clause sufficient to support such fees recoverable only under statute or express contractual provision. (Code Civ. Proc., § 1033.5, subd. (a)(10).)

Even were we to assume that the hold harmless provision is sufficient to require reimbursement, the right to be returned to the status quo ante upon the potential occurrence of a future event is not a present and actual benefit conferred within the meaning of section 846.

Lastly, this hold harmless agreement is consistent with the purpose of section 846—to limit landowner liability. In essence, it provides the same protection as the statute.

As the trial court aptly pointed out, a hold harmless agreement is not what the Legislature had in mind as consideration precluding landowner immunity for the use of its property.

A landowner must gain some immediate and reasonably direct advantage, usually in the form of an entrance fee, before the exception to immunity for consideration under section 846 comes into play.

### EXPRESS INVITATION

Johnson contends he is an express invitee because Abex executed Unocal's permission agreement. The execution of this agreement between Abex and Unocal is not a direct, personal request from Unocal to Johnson to attend this picnic. Therefore, Johnson is not an express invitee of Unocal. He does not fall within the exception to immunity established by section 846 for express invitees.

The judgment is affirmed. Costs to Unocal.

Stone (S. J.), P. J., and Yegan, J., concurred.