[No. D044911. Fourth Dist., Div. One. Oct. 20, 2005.]

MARILYN J. MILLER, Plaintiff and Appellant, v.
JEFFREY WEITZEN et al., Defendants and Respondents.

**[CERTIFIED FOR PARTIAL PUBLICATION†]**

†Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part III.

**COUNSEL**

Law Offices of Kim James Kakadelas, Kim James Kakadelas; Law Offices of David R. Miller and David R. Miller for Plaintiff and Appellant.

Lucas, Boyer & Haverkamp, Stephen D. Lucas and Patricia Jo Custer for Defendants and Respondents.

**OPINION**

**IRION, J.**—Marilyn J. Miller was injured when the horse she was riding slipped on a portion of a public riding trail that crosses over the driveway of Janice and Jeffrey Weitzen (together the Weitzens). In this appeal, we must determine whether Civil Code[1] section 846, which immunizes property owners from liability arising from the recreational use of their property, applies to protect the Weitzens and, if so, whether the statutory exception for persons who enter property "for a consideration" is triggered by Miller's payment of trail maintenance fees to her riding club. In addition, we must determine whether the trial court properly instructed the jury on the appropriate standard of care required of persons protected by section 846. As we resolve each of these questions in favor of the Weitzens, and in accordance with the challenged rulings of the trial court, we affirm the judgment.

### FACTS

On November 3, 2001, Miller was riding her horse along a public riding trail adjacent to San Elijo Road in San Diego County. The horse lost its footing on the surface of the trail at the point where the trail crossed over the Weitzens' driveway. Both horse and rider fell to the ground, and Miller seriously injured her wrist and hand.

Miller sued both the Rancho Santa Fe Association, the organization responsible for maintaining the trail (the Association), and the Weitzens. At trial, Miller put on evidence that about two months before her accident, Jeffrey Weitzen had resurfaced the driveway, including the portion that crossed the riding trail, with a common driveway resurfacing product. He did not obtain a permit prior to doing the resurfacing as was required by San Diego County (the County). The evidence also showed that after the resurfacing, but prior to Miller's accident, the Association had been notified that another horse had fallen in that location. As a result, the Association placed notices on either side of the Weitzens' driveway, warning riders of the

---

[1] All statutory references are to the Civil Code unless otherwise specified.

slippery condition. The Weitzens testified that they regularly saw the signs, but did not inquire as to why they were there; Miller testified that she did not see the signs prior to her fall.

It is undisputed that the riding trail that passes alongside the Weitzens' home is on land owned by the County. By virtue of their home ownership, the Weitzens held an encroachment permit issued by the County that allowed them to construct a driveway across the trail. A County public works coordinator and former trails coordinator testified that by virtue of this permit, the Weitzens and any future owners of their property possess a right to use the driveway to travel to and from the property.

Miller testified that she paid dues to the Rancho Santa Fe Riding Club (Riding Club) where she boarded her horse. These dues included a "trail maintenance fee," which Miller asserts "she was advised was used to help maintain the forty . . . miles of riding trails throughout the community of Rancho Santa Fe." Although the Riding Club does not maintain the trail at issue in this case, it occasionally gives money to the Association, which does maintain the trails, and pays the Association $1 a year to rent an acre of land on which its physical facility sits. While some trails in Rancho Santa Fe are on private property and can only be used by Riding Club members, trails that are on County land, such as the trail in front of the Weitzens' house, are open to any member of the public.

At the close of the evidence, the trial court determined, as a matter of law, that section 846 applied to protect both the Weitzens and the Association. It further determined that Miller's evidence regarding payments for trail maintenance (if credited by the jury) was sufficient to abrogate section 846 immunity as to the Association, but not as to the Weitzens. The court therefore instructed the jury that if it determined that consideration was paid, it could find the Association liable for Miller's injuries under ordinary negligence principles. Under the court's instructions, however, the jury could only find the Weitzens liable if it found their failure to warn or prevent Miller's injury was "willful or malicious"—the heightened burden required for proving liability against persons protected by section 846 recreational use immunity.

After the jury issued, and the trial court responded to, a number of notes indicating confusion about the consideration exception to section 846 recreational use immunity, the jury returned a special verdict, finding Miller had paid consideration to use the trails, and that the Association was liable for Miller's injuries. The jury found that the Weitzens were not liable under the heightened "willful and malicious" standard. The jury determined that Miller's

damages were \$94,603.81, with liability apportioned 0 percent for the Weitzens, 60 percent for the Association and 40 percent for Miller's own negligence.[2]

## DISCUSSION

■ Section 846 immunizes property owners from liability arising from the recreational use of their property. The statute has two exceptions relevant to this appeal. A property owner can still be liable for injuries to recreational users (i) where a failure to warn or guard against a danger was "willful or malicious" or (ii) where consideration was paid in return for permission to enter the property.

Miller claims that the trial court improperly applied section 846 to limit the Weitzens' liability for her injuries because: (i) Section 846 immunity does not apply to the Weitzens as they are not property owners subject to the protection of the statute; (ii) even if the Weitzens are considered property owners under section 846, the statutory exception for recreational users who enter "for a consideration" strips them of its protection; and (iii) even if section 846 immunity properly applies to the Weitzens, the trial court's instruction to the jury defining the heightened "willful and malicious" standard for liability was improper because it deviated from an available Judicial Council of California Civil Jury Instructions (CACI) form instruction. We address each of these contentions in turn.[3]

### I

*The Weitzens' Rights to the Property at the Intersection of Their Driveway and the Trail Constitute an "Interest in Real Property" Under Section 846*

■ Miller's contention that the Weitzens' interest in the property where she was injured is insufficient to come within the protection of section 846 fails to recognize the section's "exceptionally broad and singularly unambiguous" definition of protected property "interests." (*Ornelas v. Randolph* (1993) 4 Cal.4th 1095, 1102–1103 [17 Cal.Rptr.2d 594, 847 P.2d 560].)[4] Section 846

---

[2] The Association is not a party to this appeal.

[3] Miller's first two contentions are primarily questions of statutory interpretation and, therefore, our standard of review is de novo. (*Johnson v. Unocal Corp.* (1993) 21 Cal.App.4th 310, 314 [26 Cal.Rptr.2d 148] (*Johnson*).) Miller's third contention challenging the propriety of the instructions to the jury is also a question of law subject to de novo review. (*People v. Posey* (2004) 32 Cal.4th 193, 218 [8 Cal.Rptr.3d 551, 82 P.3d 755].)

[4] The parties agree that the Weitzens hold an encroachment permit that enables their driveway to cross the trail to the road, as well as the right to enter and exit their property by way of the driveway.

applies to protect any "owner of any estate or any other interest in real property, whether possessory or nonpossessory." Miller attempts to sidestep the broad sweep of this statutory language by highlighting the legislative purpose of section 846—to open up private land for public recreational use. (See *Delta Farms Reclamation Dist. v. Superior Court* (1983) 33 Cal.3d 699, 707 [190 Cal.Rptr. 494, 660 P.2d 1168] ["The purpose of section 846 is to encourage property owners 'to allow the general public to recreate free of charge on *privately* owned property' "].) She contends that this purpose would not be served by protecting the Weitzens because the portion of their driveway at issue is on County-owned property already open to the public, and the Weitzens cannot "exercise control" over it "in terms of allowing persons to use the equestrian trail."[5]

■ Miller's contention is directly refuted by *Hubbard v. Brown* (1990) 50 Cal.3d 189, 197 [266 Cal.Rptr. 491, 785 P.2d 1183] (*Hubbard*). In *Hubbard*, our Supreme Court explicitly disapproved an earlier case, *Pacific Gas & Electric Co. v. Superior Court* (1983) 145 Cal.App.3d 253, 258–259 [193 Cal.Rptr. 336], which erroneously had ruled section 846 inapplicable because the land at issue was state owned, and the defendant, a power company, could not exclude recreational users. (*Hubbard*, at p. 197.)[6] To the contrary, the court held that section 846 serves to "immunize owners of *any* interest in real property, regardless of whether the interest includes the right of exclusive possession." (*Hubbard, supra,* 50 Cal.3d at p. 197, italics added.) Thus, the court determined in *Hubbard* that the holder of a permit to graze livestock on federal lands was an owner of an "interest in real property" under section 846, even though the land covered by the grazing permit was "publicly owned and evidently already open to the public for recreational purposes." (*Hubbard*, at pp. 196–197.)[7]

---

[5] In arguing that the Weitzens do not have the requisite property interest, Miller frequently references the fact that the Weitzens needed to, but did not, obtain a permit to resurface the driveway. This fact plays no role in determining whether the Miller's had an "interest" in property under section 846.

[6] As summarized in *Hubbard*, the court in *Pacific Gas & Electric Co. v. Superior Court, supra,* 145 Cal.App.3d at pages 258–259, incorrectly reasoned that "because all navigable waterways are held in trust by the state for the benefit of the public, and because plaintiff as a member of the public had a right to navigate the lake in his boat, the legislative purpose of section 846 would not be served by applying the statutory immunity to P. G. & E. as against persons using the public waterways whom it had no right to exclude." (*Hubbard, supra,* 50 Cal.3d at p. 197.)

[7] Miller attempts to distinguish *Hubbard* by arguing that there the permit holder "stepped into the shoes" of the owner by assuming responsibility for maintaining improvements on the property, including the subject barbed wire gate—a fact missing here. *Hubbard* did not, however, rely on this fact in determining that the grazing permit holder was protected by section 846, and, in any event, the property interest here—essentially an easement that runs with the

This sweeping scope of section 846 is a result of a 1980 amendment to the statute that came in response to two Court of Appeal cases, one of which, *Darr v. Lone Star Industries, Inc.* (1979) 94 Cal.App.3d 895 [157 Cal.Rptr. 90] (*Darr*), is directly analogous to the case at hand. (*Hubbard, supra,* 50 Cal.3d at pp. 194–195.) In *Darr,* the Third District Court of Appeal held that "a right of way over [state] property"—a bridge constructed on public land to enable the transport of gravel from one side of a publicly owned river to the other—was not covered by section 846. (*Darr,* at p. 900.) The court determined that the right of way constituted a nonpossessory easement which although an "interest in real property," was not a possessory "estate" as required by the text of the pre-1980 section 846. (*Darr,* at p. 901 [" 'While an easement is clearly an "interest in land" . . . it is equally clearly never an "estate in land," ' " quoting 3 Powell on Real Property (1977) Easements and Licenses, ch. 34, § 405].) In response, the Legislature amended section 846 to cover "*any* . . . interest in real property," whether "possessory or nonpossessory," specifically to "negate" the outcome in *Darr.* (*Hubbard,* at pp. 194–195, citing Legis. Counsel's Dig., Assem. Bill No. 1966, 4 Stats. 1980 (1979–1980 Reg. Sess.) Summary Dig., p. 110; and Sen. Com. on Judiciary, Liability-Recreational Use of Land, (Feb. 11, 1980).)

It would, thus, fly in the face of the unambiguously expressed legislative intent to rule that section 846, as amended, does not apply to the Weitzens' property interest. That interest (an improved right-of-way over a public trail) clearly fits within the statutory language of "any . . . interest in real property," and is indistinguishable from the property interest in *Darr* (an improved right-of-way over a public river) that the Legislature explicitly sought to protect by the amendment. (See *Moyer v. Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224] [noting "fundamental rule" that a court " 'should ascertain the intent of the Legislature so as to effectuate the purpose of the law' "]; *Hubbard, supra,* 50 Cal.3d at p. 197 ["the Legislature clearly intended . . . to immunize private owners of easements . . . from tort liability to recreational users"]; cf. *Jackson v. Pacific Gas & Electric Co.* (2001) 94 Cal.App.4th 1110, 1117 [114 Cal.Rptr.2d 831] [upholding section 846 immunity for utility company that held easement for placement of utility poles on private land of another].)[8]

---

land—is significantly more robust than the contractual license held by the defendant in *Hubbard* who, under federal regulations, possessed " 'no right, title, or interest' " in the land. (*Hubbard, supra,* 50 Cal.3d at p. 195.)

[8] Miller relies on *Jenson v. Kenneth I. Mullen Inc.* (1989) 211 Cal.App.3d 653, 658 [259 Cal.Rptr. 552], which held that contractors performing work on another's land were "business invitees" and therefore not owners of an interest in the land subject to the protection of section 846. The Weitzens, however, do not claim that they come under the protection of section 846 by virtue of their repairs to the driveway, but rather by virtue of their property interest in land used for recreational purposes. Thus, *Jenson* has no applicability.

■ In light of the broad statutory language and unambiguous legislative intent to protect virtually every species of property "owner" under section 846, we conclude the trial court properly determined that the section applies to protect the Weitzens in this case.[9]

## II

### *The Consideration Exception to Section 846 Does Not Apply to Abrogate the Weitzens' Immunity*

Miller contends that even if the Weitzens possess the requisite property interest, her payment of dues to the Riding Club, and the club's subsequent payments to the Association, which maintained the riding trails, constitute sufficient consideration to trigger the statutory exception to section 846. She adds that these payments had a "direct present and actual benefit" to the Weitzens by contributing to an improved trail system in the area in which they lived and decreasing their proportional maintenance payments for the same. We disagree with Miller's contention.

■ To trigger the consideration exception of section 846, payment must be made in exchange for *"permission to enter"* the property or "received from others for the same purpose." (*Ibid.*, italics added.) Consistent with this text, the few published California cases interpreting the consideration exception have noted that for the exception to apply, consideration must generally be paid "in the form of an entrance fee." (*Johnson, supra,* 21 Cal.App.4th at pp. 316–317 ["as regards section 846, we are aware of no cases in which consideration did not involve the actual payment of an entrance fee by plaintiff to defendant"]; *Moore v. City of Torrance* (1979) 101 Cal.App.3d 66, 72 [166 Cal.Rptr. 192] ["Clearly, consideration means some type of entrance fee or charge for permitting a person to use specially constructed facilities," such as "amusement facilities in government-owned parks that charge admission fees"], disapproved on other grounds in *Delta Farms Reclamation Dist. v. Superior Court, supra,* 33 Cal.3d at pp. 707, 710.)[10] No such entrance

---

[9] The two cases cited by Miller regarding the duties of a property owner to refrain generally from creating a dangerous condition on a public sidewalk (*Selger v. Steven Brothers, Inc.* (1990) 222 Cal.App.3d 1585, 1592 [272 Cal.Rptr. 544]) and to maintain their shrubs so as not to obscure drivers' view of an intersection (*Swanberg v. O'Mectin* (1984) 157 Cal.App.3d 325, 331 [203 Cal.Rptr. 701]) have no impact on our analysis. The issue here is whether section 846 applies to *immunize* a person who holds an interest in land used for recreational purposes from ordinary principles of liability under California law—such as those recognized in *Selger* and *Swanberg*.

[10] Miller's argument here is analogous to that advanced in *Moore v. City of Torrance, supra,* 101 Cal.App.3d at page 72. In that case, a plaintiff injured on public land claimed that the consideration exception applied because his family paid taxes to support the municipal facilities on that land. The court rejected the claim, holding that this was "not the type of

fee was required to use the property at issue here. The trail that crossed over the Weitzens' driveway is analogous to a public sidewalk; it is open to any member of the public without charge of any kind. Accordingly, neither Miller nor anyone else paid consideration for "permission to enter" that property (§ 846), and the consideration exception to section 846 does not apply. (See *Collins v. Martella* (1st Cir. 1994) 17 F.3d 1, 5 [holding, under analogous recreational use immunity statute, that payments to homeowners association that maintained property where plaintiff was injured did not constitute consideration for entry where homeowners could enter property regardless of payment of fees].)[11]

■ Miller's reliance on *Johnson, supra*, 21 Cal.App.4th 310, 316, for the proposition that the consideration exception is "not limited solely to direct payment of entrance fees," but instead is triggered whenever a defendant receives a benefit from a payment, is unconvincing. The quoted language from *Johnson* emphasizes that consideration in the form of an entrance fee need not be *"direct*," not that it can take a form unrelated to the statutory requirement that consideration be paid *in exchange for "permission to enter"* the property. In fact, in *Johnson* the court ruled that section 846 immunity applied despite the fact that the plaintiff had paid a third party to provide food and entertainment on the property. (*Johnson*, at p. 317.)[12]

The trial court, thus, properly determined that the consideration exception did not apply to strip the Weitzens of section 846 recreational use immunity because neither Miller nor anyone else paid consideration for "permission to enter" the property on which Miller was injured.[13]

---

consideration that the Legislature had in mind when it included consideration as a factor in . . . section 846." (*Ibid.*)

[11] We note that the analysis might be different if Miller's accident had occurred on a portion of the trail system that was *private* and could only be used by Riding Club members.

[12] The two federal cases cited by Miller are consistent with our analysis. (*Graves v. United States Coast Guard* (9th Cir. 1982) 692 F.2d 71, 73 [money paid by plaintiff to friend to pay campground operator abrogated landowner's section 846 immunity]; *Thompson v. United States* (9th Cir. 1979) 592 F.2d 1104, 1108 ["rental charge" paid to the federal government by sporting association which in turn charged entry fee to plaintiff triggered section 846 consideration exception].) In both of these cases, the consideration paid was in the nature of an entrance fee to use the land. (See *Thompson*, at p. 1108 ["With a rental charge having been made for the use of the land, it is clear that permission to enter the government land was 'granted for a consideration' "]; *Graves*, at p. 73 ["the use of the cabana and access to the river [the site of the injury] were implied benefits received as a consequence of the payment of consideration to the campground operator"].)

[13] We express no position as to whether the trial court properly placed the consideration exception before the jury with respect to the Association, as that party did not appeal the trial court's decision and any claims it might have are not before us.

## III[*]

*The Trial Court's Jury Instruction Defining "Willful and Malicious" Conduct Does Not Constitute Reversible Error*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed.

Huffman, Acting P. J., and Aaron, J., concurred.

A petition for a rehearing was denied November 10, 2005, and appellant's petition for review by the Supreme Court was denied January 4, 2006, S139137.

---

[*]See footnote, *ante*, page 732.