NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| JEANINE SPENCE, | ) | No. 09-15774 |
| | ) | |
| Plaintiff – Appellant, | ) | D.C. No. 1:07-CV-00676-LJO-DLB |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant – Appellee. | ) | |
| | ) | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted March 10, 2010[**]
San Francisco, California

Before:    FERNANDEZ, GRABER, and McKEOWN, Circuit Judges.

Jeanine Spence appeals the district court's grant of summary judgment to the

United States in her action under the Federal Tort Claims Act (FTCA).  See 28

U.S.C. § 2674.  We affirm.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

(1) The district court determined that California's primary assumption of the risk doctrine barred Spence's claim. We agree. Under California law, because Spence was injured due to a risk inherent in the sport she was engaging in, she is deemed to have assumed the risk of the injuries she suffered therefrom. See Knight v. Jewett, 3 Cal. 4th 296, 315–16, 834 P.2d 696, 708, 11 Cal. Rptr. 2d 2, 14 (1992) (plurality opinion); Connelly v. Mammoth Mountain Ski Area, 39 Cal. App. 4th 8, 11–12, 45 Cal. Rptr. 2d 855, 857–58 (1995). In that regard, there can be little doubt that road hazards are inherent in the sport of organized, long-distance bike riding. See Moser v. Ratinoff, 105 Cal. App. 4th 1211, 1219–21, 130 Cal. Rptr. 2d 198, 203–05 (2003); see also Buchan v. U.S. Cycling Fed'n, Inc., 227 Cal. App. 3d 134, 148, 277 Cal. Rptr. 887, 895 (1991). Spence encountered a road hazard, took a bad fall, and was injured, but her claim is barred under California law.

Moreover, Spence has not shown that the United States violated some particular legal duty to her when it failed to make the road in question safer for her purposes. See W. Radio Servs. Co., Inc. v. Espy, 79 F.3d 896, 900–01 (9th Cir. 1996); see also Cheong v. Antablin, 16 Cal. 4th 1063, 1069–70, 946 P.2d 817, 820–21, 68 Cal. Rptr. 2d 859, 862–63 (1997) (where enactment shows no clear intent to modify assumption of risk principles, they continue to apply); Distefano

2

v. Forester, 85 Cal. App. 4th 1249, 1274, 102 Cal. Rptr. 2d 813, 831 (2001) (same).

(2)    The district court also determined that the United States was immune from suit pursuant to California Civil Code section 846 (recreational use immunity).  Again, we agree.  Despite Spence's argument to the contrary, the United States is treated as a private person for FTCA purposes.  See Ravell v. United States, 22 F.3d 960, 961 (9th Cir. 1994).  In addition, Spence was using the property for a recreational purpose, and the fact that she was proceeding along a paved road is of no significance.  See Mattice v. U.S. Dep't of Interior, 969 F.2d 818, 821 (9th Cir. 1992); Hubbard v. Brown, 50 Cal. 3d 189, 192, 197, 785 P.2d 1183, 1184, 1187, 266 Cal. Rptr. 491, 492, 495 (1990).  The evidence will not bear an interpretation that the United States was guilty of willful or malicious conduct. See Mattice, 969 F.2d at 822.  The existence of the hazard was not hidden; in fact, paint had even been applied to make it more obvious.  Moreover, on this record it cannot be said that the hazard presented a probability of injury to cyclists engaged in the sport at hand.[1]  Finally, while the receipt of compensation by the United

_____

[1]The absence of known incidents over many, many years is not dispositive, but it is a relevant consideration.  See Lostritto v. S. Pac. Transp. Co., 73 Cal. App. 3d 737, 745, 140 Cal. Rptr. 905, 909 (1977).

States would have obviated the immunity,[2] the evidence will not support a determination that the United States directly or indirectly charged an entrance fee for use of the road in question.[3]

(3)     Because either of the above bases bars this action, we need not, and do not, determine whether the release signed by Spence would also bar this action.

AFFIRMED.[4]

---

[2]See Cal. Civ. Code § 846.

[3]See Miller v. Weitzen, 133 Cal. App. 4th 732, 739–40, 35 Cal. Rptr. 3d 73, 78–79 (2005) (discussing consideration exception); Johnson v. Unocal Corp., 21 Cal. App. 4th 310, 316–17, 26 Cal. Rptr. 2d 148, 152–53 (1993) (same); Moore v. City of Torrance, 101 Cal. App. 3d 66, 72, 166 Cal. Rptr. 192, 196 (1979) (same), disapproved on other grounds in Delta Farms Reclamation Dist. No. 2028 v. Superior Court, 33 Cal. 3d 699, 710, 660 P.2d 1168, 1175, 190 Cal. Rptr. 494, 501 (1983).

[4]We have not overlooked the miscellaneous procedural issues raised by Spence, but have determined that if there were errors, they would not affect the result.

4