GIBBONS, Circuit Judge,
dissenting.
This case presents the difficult question of whether the National Labor Relations Board (the Board) erred in concluding that off-duty, off-sité employees have a section 7 right to access the outside non-working areas of their" employer’s property that outweighs the employer’s property rights, except where restrictions on access are justified by business reasons. In reaching this conclusion, the Board purported to balance the employees’ section 7 rights against the employer’s property rights. Reviewing the Board’s decision for substantial evidence, the panel majority concludes that the Board did not err in finding that the balance “tips in favor” of the section 7 organizational rights of off-site employees. (Majority Op. at 540.) I dissent because I believe that a de novo standard of review applies in reviewing whether the Board erred in concluding that the employees’ section 7 rights outweigh the employer’s property rights, and, under a de novo standard of review, the balance in this case favors the employer’s property rights.[1]
*546 The majority correctly states that we review the Board’s factual application and statutory construction under a substantial evidence standard. Albertson’s Inc. v. NLRB, 301 F.3d 441, 448 (6th Cir.2002). This level of deference, however, is only warranted if the Board’s conclusions are based on a reasonable construction of the Act. Id. Moreover, “this Court gives no deference to the Board where the Board’s decision ‘rest[s] on erroneous legal foundations.’ ” Id. (quoting Lechmere, Inc. v. NLRB, 502 U.S. 527, 539, 112 S.Ct. 841, 117 L.Ed.2d 79 (1992)). “Further, where the Board’s conclusions of law do not interpret the NLRA, we review those conclusions de novo.” Id. Similarly, we give no deference to the Board’s interpretation of judicial precedent and review de novo the Board’s interpretation of Supreme Court and Sixth Circuit precedent. Id. (quotation omitted); see Lee v. NLRB, 325 F.3d 749, 754 (6th Cir.2003).
The Board’s conclusion that “[o]n balance ... the Section 7 organizational rights of offsite employees entitle them to access to the outside, non-working areas of the employer’s property, except where justified by business reasons” does not involve an interpretation of the NLRA. Instead, determining whether employees’ section 7 rights outweigh an employer’s property rights requires a careful examination of the relevant Supreme Court and Sixth Circuit precedent, as well as cases from other circuits, and a determination of how that case law applies to the facts present here. In reaching its decision below, the Board relied upon several Supreme Court decisions and ultimately declared that allowing employers to exclude off-site employees pursuing organizational interests would be “inconsistent with the Supreme Court’s admonition that the ‘[a]c-commodation between employees’ [Section] 7 rights and employer’s property rights ... must be obtained with as little destruction of one as is consistent with the maintenance of the other.’ ” First Healthcare Corp., 336 N.L.R.B. 62, 2001 WL 1685280, at *6 (2001) (quoting Hudgens v. NLRB, 424 U.S. 507, 521, 96 S.Ct. 1029, 47 L.Ed.2d 196 (1976)). The Board did not discuss any basis in the statute for deciding this issue. Cf. First Healthcare Corp., 2001 WL 1685280, at *10 (2001) (Hurtgen, dissenting) (noting that this case falls between two landmark Supreme Court cases, but finding more relevant the Supreme Court’s opinion in Hudgens and the D.C. Circuit’s opinion in ITT Industries v. NLRB, 251 F.3d 995 (2001)). Consequently, the proper standard of review of the Board’s balancing of employees’ section 7 rights and employer’s property rights is de novo. Albertson’s, 301 F.3d at 448 (“where the Board’s conclusions of law do not interpret the NLRA, we review those conclusions de novo.”)
The Supreme Court first addressed the tension between employees’ right to organize and employers’ property rights in Republic Aviation Corp. v. NLRB, 324 U.S. *547 793, 65 S.Ct. 982, 89 L.Ed. 1372 (1945). In Republic Aviation, the Court held that employees have a right to organize their fellow employees at their employer’s facility, provided that the solicitation is confined to nonworktime and distribution was confined to nonworktime and nonwork areas. Id. at 803-05, 65 S.Ct. 982. The Court addressed the issue of the accommodation of section 7 rights versus property rights more directly in NLRB v. Babcock & Wilcox Co., 351 U.S. 105, 76 S.Ct. 679, 100 L.Ed. 975 (1956). The Court held that non-employees, such as union organizers, have no independent right of access to an employer’s property to organize employees at and around an employer’s facility. Id. at 113, 76 S.Ct. 679. An exception exists where the inaccessibility of the employees prevents “reasonable union efforts to communicate with them.” Id. The Court noted that both organizational rights and property rights are granted by the federal government, and “[a]ccommodation between the two must be obtained with as little destruction of one as is consistent with the maintenance of the other.” Id. at 112, 76 S.Ct. 679. More recently, in Lechmere, Inc. v. NLRB, 502 U.S. 527, 533, 112 S.Ct. 841, 117 L.Ed.2d 79 (1992), the Supreme Court reaffirmed the general rule that “an employer cannot be compelled to allow distribution of union literature by nonemployee organizers on his property.”
While not directly on point, the Supreme Court’s decision in Hudgens v. NLRB, 424 U.S. 507, 96 S.Ct. 1029, 47 L.Ed.2d 196 (1976), is most analogous to the present case. In Hudgens, striking factory employees sought to picket at a retail store owned by their employer and located in a shopping mall. Id. at 509, 96 S.Ct. 1029. In addressing whether the mall owner unlawfully interfered with the employees’ section 7 rights by threatening to have them arrested, the Court focused on the need to “seek a proper accommodation” between section 7 rights and private property rights. Id. at 509, 521, 96 S.Ct. 1029. According to the Court, “[w]hat is ‘a proper accommodation’ in any situation may largely depend upon the content and the context of the [section] 7 rights being asserted.” Id. at 521, 96 S.Ct. 1029. Furthermore, “[t]he locus of that accommodation ... may fall at differing points along the spectrum depending on the nature and strength of the respective [section] 7 rights and private property rights asserted in any given context.” Id. at 522, 96 S.Ct. 1029.
The Court also explained that neither Republic Aviation nor Babcock was controlling. With regard to Republic Aviation, the Court stated that a different balance exists when the organizational activity is “carried on by employees already rightfully on the employer’s property.” Id. at 522 n. 10, 96 S.Ct. 1029. The Court distinguished Babcock oh the basis that it involved “organizational activity carried on by non-employees on the employer’s property.” Id. at 521, 96 S.Ct. 1029. The Hudgens Court identified the differences present in the case before the Court, including the fact that economic strike activity was involved, the activity was conducted by employees, albeit at a different location, and the property involved was that of a third party. Id. at 522, 96 S.Ct. 1029. After noting these differences, the Court remanded the case for an accommodation between the section 7 rights and the property rights. Id. at 523, 96 S.Ct. 1029.
The only decision to address the issue presently before us is the D.C. Circuit’s opinion in ITT Industries Inc. v. NLRB, 251 F.3d 995 (D.C.Cir.2001). In ITT Industries Inc., the court was faced with the question of “the scope of the Board’s authority under §§ 7 and 8(a)(1) to prevent employers from prohibiting parking lot ac *548 cess to off-site employees who are seeking to engage in organizational activities that would be lawful if pursued by on-site employees.” Id. at 1000. The court began by noting that while “[i]t is not clear that the Supreme Court’s access cases foreclose the Board’s interpretation that § 7 confers upon offsite employees some measure of free-standing, nonderivative organizational access rights,” the Supreme Court’s cases “do make clear ... that the Board must take account of an offsite employee’s trespasser status.” Id. at 997. Because the Board failed to take into consideration the fact that the question of off-site employees’ access rights was an open one and failed to consider the employer’s property rights or the concerns presented by trespassing employees, the court remanded the case to the Board for further consideration in light of these concerns. Id. at 1004-05. The court then stated that assuming the off-site employees have some measure of freestanding, nonderivative access rights, “the Board must balance the conflicting interests of the employees to receive information ... with the employer’s right to control the use of his property.” Id. at 1005. The court noted that even where all employees are in the same representational unit, the employees at the different facilities may have different interests. Id. Therefore, the court held that if the Board determines that the off-site employees have non-derivative section 7 access rights, “it must then adopt a balancing test that takes proper account of an employer’s predictably heightened property concerns.” Id.
As the above cases make clear, every access case requires an accommodation between employees’ section 7 rights and employers’ property rights. See, e.g., Hudgens, 424 U.S. at 521-22, 96 S.Ct. 1029 (considering property rights where employees were asserting nonderivative organizational right). Here, the off-site employees seek access to another facility owned by their employer for the purpose of assisting other employees in organizing. The employees are not directly pursuing their own interests because they are already organized. While organizing the employees at other facilities may benefit the already organized employees, the extent of the benefit must be balanced against the employer’s property rights. As the dissenting judge in the Board opinion noted, the benefit of such organizational activities to the existing employees may be less when the employees are in different bargaining units because they do not have common interests. First Healthcare Corp., 2001 WL 1685280, at * 11. “The fact that they are in separate units means that it has not been shown that they share a ‘community of interest.’ ” Id. The lack of common interest indicates that the benefit to the already organized employees who are asserting their section 7 rights by engaging in union solicitation at facilities other than the facility where they work was slight.
Unlike the employees in Hudgens, who were directly pursuing their section 7 right to strike in order to bring economic pressure to bear on their employer, the off-site employees here have failed to set forth a direct and immediate interest in gaining on-site access to Petitioner’s other facilities. While the off-site employees here have a section 7 right to assist employees elsewhere in their organizational efforts, Hudgens does not stand for the proposition that such off-site employees have a section 7 right to come onto the Petitioner’s property at a facility where they do not work. Moreover, there is no evidence that the off-site employees in the instant case were unable to communicate effectively with the employees of the targeted facilities in other manners, including contacting such employees from the public sidewalks *549 and entrances to the facilities’ parking lots, without trespassing.
Having examined the nature of the organized employees’ section 7 rights, it is necessary to consider the employer’s property interests. As the court noted in ITT Industries Inc., the off-site employees are trespassers at the site where they do not work. 251 F.3d at 1004. Unlike onsite employees who are considered business invitees, off-site employees who violate non-solicitation policies are considered trespassers. See Lechmere, 502 U.S. at 530, 112 S.Ct. 841. The Board failed to consider the trespasser status of the off-site employees despite its recognition that off-site employees may be deemed trespassers and instead focused on the employer’s ability to control an off-site employee’s conduct once such employee is on the property. The Board virtually ignored the employer’s property rights and concentrated on the business justifications for excluding off-site employees and the employer’s management interests. The majority opinion also focuses almost entirely on the issue of business justification, instead of the employer’s property interest, which represents a distinct legal concept. Furthermore, the majority fails to recognize that an employee can also be a trespasser. The term trespasser and nonem-ployee are not synonymous. Cf. Hudgens, 424 U.S. at 521-22 n. 10, 96 S.Ct. 1029 (noting that property interests, as opposed to management interests, are implicated when organizational activity is carried on by employees that are not rightfully on the employer’s property).
Property rights are an essential part of the United States Constitution. See NLRB v. Windemuller Elec., Inc., 34 F.3d 384, 394 & n. 8 (6th Cir.1994) (citing Dolan v. City of Tigard, 512 U.S. 374, 114 S.Ct. 2309, 129 L.Ed.2d 304 (1994)). According to the Supreme Court, property owners have the right to control the use of their property and regulate those who wish to use it. See Loretto v. Teleprompter Manhattan CATV Corp., 458 U.S. 419, 435, 102 S.Ct. 3164, 73 L.Ed.2d 868 (1982). Moreover, the right to exclude others is “one of the most essential strands in the bundle of rights that are commonly characterized as property.” Nollan v. California Coastal Comm’n, 483 U.S. 825, 831, 107 S.Ct. 3141, 97 L.Ed.2d 677 (1987) (quotations omitted). The Court has described a property owner’s right to exclude as one of the most “treasured” aspects of property rights. Loretto, 458 U.S. at 435, 102 S.Ct. 3164.
Petitioner has a fundamental property right to exclude others from its property. See Babcock, 351 U.S. at 112, 76 S.Ct. 679. The exercise of the property right to exclude others falls within the scope of state trespass law. Sears, Roebuck & Co. v. San Diego Dist. Council of Carpenters, 436 U.S. 180, 181, 98 S.Ct. 1745, 56 L.Ed.2d 209 (1978).[2] Under California law, individuals working on the property of another, in the interest of the property owner, are business invitees. Jenson v. Kenneth I. Mullen, Inc., 211 Cal.App.3d 653, 658, 259 Cal.Rptr. 552 (Cal.Ct.App.1989). When an invitee enters upon portions of the property where he has no right to be, however, he may become a trespasser. Powell v. Jones, 133 Cal.App.2d 601, 606, 284 P.2d 856 (Cal.Ct.App.1955). California law defines trespasser as one who has entered the property without consent by the owner. See Oettinger v. Stewart, 24 Cal.2d 133, 136, 148 P.2d 19 (Cal.1944). The off-site employees in this case were trespassers, not business invitees like on- *550 site employees. On balance, Petitioner’s right to exclude the off-site employee trespassers outweighs the off-site employees’ section 7 right to assist in organizing other employees with whom they lack common interests.
For all the reasons set forth above, I would find that the Board erred in concluding that Petitioner violated section 8(a)(1) of the Act by denying access to its property to persons employed by Petitioner at another facility owned by Petitioner.

. I agree with the panel majority’s holding that the Board's conclusion that off-site em *546 ployees have non-derivative and substantial section 7 organizational rights was reasonable and should be given deference. The panel majority's application of the substantial evidence standard of review to this issue is proper because the issue involves the interpretation of the NLRA. See Albertson’s Inc. v. NLRB, 301 F.3d 441, 448 (6th Cir.2002) ("we review the Board’s factual application and statutory construction under a substantial evidence standard, a deference that is warranted if the Board's conclusions are based upon a reasonably defensible construction of the Act.") Furthermore, I agree with the majority’s holding set forth in section III • of the opinion that substantial evidence supports the Board's finding that Petitioner violated section 8(a)(1) by maintaining or enforcing a rule that prohibits its off-duty employees from soliciting in the outside nonwork areas of the facility where they work. (Majority Op. at 541 (emphasis added)).

. The Court in Sears noted that private property rights yield to section 7 rights only in "cases involving unique obstacles to nontres-spassory methods of communication with the employees.” 436 U.S. at 205-06 n. 41, 98 S.Ct. 1745.